UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
:
CELESTE GREEN, as parent and natural guardian :
of ALIA GREEN; MARSCHELL RUGGS, as :
parent and natural guardian of ASHLEY :
VICTORIA RUGGS; and JONATHAN and :
RANDI BOLOS, as parents and natural guardians :
of LAUREN BOLOS, :
:
                Plaintiffs, : **<u>ORDER</u>**
: **<u>NOT FOR PUBLICATION</u>**
      -against- : 05-CV-0429 (DLI)(ETB)
:
THE CITY OF NEW YORK; THE CITY :
OF NEW YORK DEPARTMENT OF SOCIAL :
SERVICES HUMAN RESOURCES :
ADMINISTRATION, and VERNA EGGLESTON, :
:
                Defendants. :
----------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

       Defendants have filed a motion for reconsideration challenging the portion of the court's Memorandum & Order, dated July 17, 2006, denying defendants' motion to dismiss the instant action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The factual and procedural background may be found in the court's Memorandum & Order. *See Green v. City of New York*, --- F. Supp. 2d --- , No. 05-CV-0429, 2006 WL 1984712 (E.D.N.Y. July 17, 2006). For the reasons that follow, the motion for reconsideration is denied.

       Local Civil Rule 6.3 requires the party moving for reconsideration to submit "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked" within ten days of the court's order. "The standard for granting . . . a [reconsideration] motion is strict, and reconsideration will generally be denied unless the moving party can point to

1

controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). A party cannot "merely reiterate or repackage an argument previously rejected by the court; that argument is for appeal." *PAB Aviation, Inc. v. United States*, No. 98-CV-5952, 2000 WL 1240196, at *1 (E.D.N.Y. Aug. 24, 2000).

Defendants advance three arguments, each of which was already raised in the motion to dismiss and addressed by the court.

Defendants' argument that the City of New York Human Resources Administration ("HRA") was a party to the state court personal injury actions was addressed by the court, and the court found that HRA was neither a party nor in privity with the actual parties to the personal injury actions. *See Green*, --- F. Supp. 2d --- , 2006 WL 1984712, at *7. In stating that HRA was not a party to the actions, the court implicitly rejected all arguments advanced by defendants, including defendants' mention that, under *Cricchio v. Pennisi*, 90 N.Y.2d 296 (1997), a supplemental needs trust cannot be etablished until a Medicaid lien has been satisfied. This fact does not establish that HRA was a party to the person injury actions, nor did defendants point to any case law making this connection.

The court further notes that defendants' citation of *Expert Electric v. Levine*, 554 F.2d 1227 (2d Cir. 1977) in their memorandum of law was not presented in full context. In discussing the doctrine of res judicata (or claim preclusion) in *Expert Electric*, the court stated:

> The threshold requirement of identity of parties, *qualified by the doctrine of privity*, finds its roots in the ancient notion, now supplemented by the due process clause, that a person cannot be bound by a judgment without notice of a claim and an opportunity to be heard. Whether such identity is evident is a factual determination of substance, not mere form.

554 F.2d at 1233 (emphasis added). Defendants attempt to import language from *Expert Electric*

2

to expand the definition of a "party," even while admitting that *Expert Electric* discusses who qualified as a party in the context of privity." (Defs.' Mem. at 5 n.2.) Claim preclusion will apply where parties are either identical or "in privity." *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997). The court found that HRA did not qualify under either description. *See Green*, --- F. Supp. 2d —, 2006 WL 1984712, at *6–7.

Defendants' next argument is that plaintiffs had a "mandatory opportunity" to challenge the Medicaid liens at the time of the state court personal injury actions. This, also, is an argument that defendants already raised and that was already rejected by the court. *See Green*, --- F. Supp. 2d —, 2006 WL 1984712, at *7. In differentiating the state court actions from the present lawsuit, the court specifically noted: "Whether the defendants have or had a policy of calculating Medicaid liens based on impermissible purposes and made material misrepresentations regarding the proper lien amounts, as plaintiffs allege, are claims based upon the plaintiffs' post-settlement discovery of the alleged misrepresentations." *Id*. Plaintiffs' claims in the instant action are not, as defendants argue, the same as those presented in the underlying state court actions.

Defendants' last argument is that the court "overlooked matters that defendants presented establishing that the liens asserted were based upon interpretations of law, not misrepresentations of fact." (Def.'s Mem. at 8.) Defendants' state of mind is not relevant for the purposes of determining subject matter jurisdiction. Thus, it did not—and still does not—have bearing on defendants' motion to dismiss.

The situation presented by defendants' motion for reconsideration is just as plaintiffs describe it in their opposition memorandum of law: "In school yard parlance, defendants' motion would be known as a request for a 'do over.'" The "do over," and hence defendants' motion for

reconsideration, is denied.

SO ORDERED.

DATED:   Brooklyn, New York
         August 29, 2006

                                        _____/s/_____
                                              DORA L. IRIZARRY
                                           United States District Judge