```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CELESTE GREEN, individually and as parent      :
and natural guardian of ALIA GREEN;            :
MARSCHELL RUGGS, individually and as           :
parent and natural guardian of ASHLEY          :
VICTORIA RUGGS; and JONATHAN AND               :
RANDI BOLOS, individually and as parents       :
and natural guardians of LAUREN BOLOS,         :
                                               :
                        Plaintiffs,            :     **ORDER DENYING**
                                               :     **CERTIFICATE OF APPEALABILITY**
             -against-                         :     05-CV-0429 (DLI)(ETB)
                                               :
THE CITY OF NEW YORK; THE CITY OF              :
NEW YORK DEPARTMENT OF SOCIAL                  :
SERVICES HUMAN RESOURCES                       :
ADMINISTRATION, and VERNA EGGLESTON,           :
                                               :
                        Defendants.            :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

By Order dated July 17, 2006, the court denied defendants' motion to dismiss for (1) lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and (2) lack of standing under Fed. R. Civ. P. 12(b)(6), but granted defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) as to the claim under N.Y. Social Services Law § 367-a(2)(b). The court further held that the parent plaintiffs[1] would continue in this action solely as representatives of the infant plaintiffs,[2] finding that parent plaintiffs' individual claims were barred by the statute of limitations. On August 29, 2006, the court denied defendants' motion for reconsideration challenging the portion of the July 17, 2006

---

[1] "Parent plaintiffs" refers to Celeste Green, Marschell Ruggs, and Jonathan and Randi Bolos collectively.

[2] "Infant plaintiffs" refers to Alia Green, Ashley Victoria Ruggs, and Lauren Bolos collectively.

Order denying defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

By letter motion dated September 27, 2006, defendants requested a pre-motion conference seeking permission to file an interlocutory appeal of the July 17, 2006 and August 29, 2006 Orders pursuant to 28 U.S.C. § 1292(b). Defendants further seek a stay of certain discovery pending the outcome of an appeal. Specifically, defendants wish to appeal two questions of law: (1) whether a plaintiff is precluded from bringing an action in federal court to challenge the validity of a Medicaid lien if that plaintiff, in agreeing to settle a personal injury lawsuit in state court with a tortfeasor, simultaneously negotiated a lower payment with the lienholder to satisfy the Medicaid lien and incorporated the terms of such agreements into a settlement agreement endorsed by the state court; and (2) whether the above facts deprive a federal court of subject matter jurisdiction under the *Rooker-Feldman* doctrine.[3] For the reasons stated below, defendants' motion for both a pre-motion conference and a certificate of appealability is denied.

## Discussion

Section 1292(b) of Title 28 provides a mechanism for permissive appeals of non-final orders that are otherwise not appealable as of right under § 1291. *National Asbestos Workers Medical Fund v. Philip Morris, Inc.,* 71 F. Supp. 2d 139, 145 (E.D.N.Y. 1999). A district judge has discretion to certify an immediate appeal of an interlocutory order if three statutory requirements are met: (i) a controlling issue of law exists; (ii) that involves substantial ground for difference of

---

[3]The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hoblock v. Albany County Bd. of Elections,* 442 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)).

opinion; and (iii) immediate appeal will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). Read literally, § 1292(b) indicates that the district court must make the aforementioned findings in the very same order that is to be appealed. However, it is clear that litigants may seek the district court's permission to take the appeal after the issuance of the non-final order to be appealed. *See* Fed. R. App. P. 5(a)(3) ("the district court may amend its order . . . to include the required permission or statement."). Here, the court declined to certify the questions for appeal in its Order dated July 17, 2006. In light of defendants' application for certification, the court revisits the issue of whether the requirements under section 1292(b) have been fulfilled.

Section 1292(b) states that a motion for leave to appeal must be filed with the court of appeals within ten days after the district court issues an order approving the interlocutory appeal. Although Fed. R. App. P. 5(a) does not specify time limits for seeking amendment and certification, any delay must be reasonable. In *Weir v. Propst,* the Seventh Circuit held that it was an abuse of discretion for the district court to grant a § 1292(b) certification where the party seeking to appeal waited three months before making the request without a proper reason for the delay. 915 F.2d 283, 287 (7th Cir. 1990) ("[t]he ten day limitation in section 1292(b) is not to be nullified by promiscuous grants of motions to amend"); *see also Ferraro v. Sec'y of HUD,* 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (denying request for certification due to two and a half month delay which indicated "that the saving of time was of little concern in this case."). In the instant case as well, there was no justification for defendants' more than two-month delay in requesting certification. Although defendants filed a motion for reconsideration on August 29, 2006, the Seventh Circuit has instructed that the "time limits in section 1292(b) may not be circumvented by the facile device of asking for reconsideration of the order sought to be appealed under that section." *Weir,* 915 F.2d at 286.

Accordingly, the court finds defendants' request for certification untimely.

Even assuming that defendants' request was timely, a § 1292(b) certification is not appropriate here. The Second Circuit has repeatedly advised that permissive appeals under § 1292(b) should be treated as rarely used exceptions to the final judgment rule. *See e.g. Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865 (2d Cir. 1996) ("Section 1292(b)'s legislative history reveals that although that law was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals."). Courts should construe the requirements for certification strictly and only exceptional circumstances will justify certification. *See Klinghoffer v. S.N.C. Achille Lauro,* 920 F.2d 21, 25 (2d Cir. 1990); *see also Telectronics Proprietary Ltd. v. Medtronic, Inc.,* 690 F. Supp. 170, 172 (S.D.N.Y. 1987) (certification "is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.").

With respect to the first requirement, a question of law is "controlling" if reversal of the district court's order would terminate the action or if the certified issue would have precedential value for a large number of cases. *See Klinghoffer*, 920 F.2d 21 at 24-25. Here, defendants' proposed questions of law for appeal are not controlling because, even if successful, they would only terminate the action with respect to one subclass in the litigation, namely those members of the plaintiff class who compromised the amount owed to HRA under the lien ("Compromised Lien Subclass"). Moreover, defendants make no claim that reversal would have any precedential value.

Second, defendants cite *Mejia v. City of New York* in arguing that there is substantial ground for a difference of opinion within the Second Circuit. No. 01 Civ. 3381, 2004 WL 2884407

(S.D.N.Y., Dec. 10, 2004). In *Mejia,* the court granted defendants' motion to dismiss for lack of subject matter jurisdiction because plaintiff's claim for a partial refund of a Medicaid lien for Individuals with Disabilities Education Act related services funds was addressed in a final state court order that bound both the New York City Human Resources Administration and the plaintiff to its terms. *Id*. at 11. However, as defendants concede, the Southern District decided *Mejia* under the *Rooker-Feldman* doctrine. Therefore, it does not cast "substantial doubt" that the July 17, 2006 and August 29, 2006 Orders were incorrect because the Second Circuit has since instructed that the "narrow *Rooker-Feldman* inquiry is distinct from the question whether claim preclusion . . . will defeat a federal plaintiff's suit." *N.F.L. Ins. Ltd. v. B & B Holdings, Inc.,* No. 91 Civ. 8580, 1993 WL 255101, at *2 (S.D.N.Y. July 1, 1993) (quoting S. Rep.No. 85-2434 (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5257) ("to satisfy this prerequisite there must be 'substantial doubt' that the district court's order was correct")*; see also Hoblock,* 422 F.3d at 92 (recognizing that in *Exxon Mobil*, the Supreme Court held *Rooker-Feldman* to be coextensive with preclusion principles) (citations omitted). In the instant action, the court found that neither the *Rooker-Feldman* doctrine nor claim preclusion barred plaintiffs' suit. Thus, a substantial ground for a difference of opinion does not exist.

Finally, termination of this litigation would not be materially advanced by certification. Defendants urge the court to stay discovery with respect to the Compromised Lien Subclass pending the outcome of an appeal. In response, plaintiffs argue that proceeding with approximately 66% of the case and delaying the remainder does not constitute an efficient use of judicial resources, particularly considering that the complaint in the instant case was filed in January 2005 and only minimal discovery has taken place. The court agrees.

5

**Conclusion**

In light of the federal policy against piecemeal or premature appellate review, defendants' application for a pre-motion conference and certification of this court's orders dated July 17, 2006 and August 29, 2006 is hereby denied. The case is hereby referred to U.S. Magistrate Judge E. Thomas Boyle for further proceedings.

SO ORDERED.

DATED: Brooklyn, New York
October 23, 2006

_____/s/_____
DORA L. IRIZARRY
United States District Judge