UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CELESE GREEN, as Parent and Natural Guardian of
ALIA GREEN, MARSCHELL RUGGS, as Parent and
Natural Guardian of ASHLEY VICTORIA RUGGS,
and JONATHAN and RANDI BOLOS, as Parents and
Natural Guardians of LAUREN BOLOS,

                      Plaintiffs,                    REPORT AND
                                                        RECOMMENDATION

   -against-                                    CV 05-429 (DLI) (ETB)

THE CITY OF NEW YORK, THE CITY OF NEW
YORK DEPARTMENT OF SOCIAL SERVICES
HUMAN RESOURCES ADMINISTRATION, and
VERNA EGGLESTON,,

                      Defendants.
------------------------------------------------------------------x

TO THE HONORABLE SANDRA L. TOWNES, UNITED STATES DISTRICT JUDGE:

Before the Court is the plaintiffs' motion for reconsideration with respect to the Report and Recommendation of the undersigned dated February 13, 2009 (the "R&R"), which recommended that plaintiffs be awarded $823,106.00 in attorney's fees and $5,063.99 in expenses. For the following reasons, I recommend that plaintiffs' motion be granted in part and denied in part.

## FACTS

Familiarity with the underlying facts of this action is assumed. On February 13, 2009, the undersigned issued an R&R, which recommended as follows: (1) that the lodestar method be used to calculate plaintiffs' award of reasonable attorney's fees, rather than the common fund

-1-

method requested by plaintiffs; (2) that plaintiffs' request for a multiplier to enhance their award of attorney's fees be denied; and, (3) that plaintiffs be awarded $823,106.00 in attorney's fees and $5,063.99 in expenses, for a total monetary award of $828,169.99.  By Memorandum and Order dated September 14, 2009, Judge Townes adopted those portions of the R&R that recommended that the lodestar method be used to calculate plaintiffs' attorney's fees and that no multiplier be applied to the award.  See Green v. City of New York, No. 05-CV-429, 2009 U.S. Dist. LEXIS 86043, at *24, *36 (E.D.N.Y. Sept. 14, 2009).  Judge Townes declined to adopt the recommended awards of attorney's fees and expenses, construing the objections asserted by plaintiffs' counsel to constitute requests for reconsideration and referred the matter back to the undersigned for a determination with respect to the following: (1) whether the hourly rates recommended should be amended in light of the intervening Second Circuit case, Simmons v. New York City Transit Auth., 575 F.3d 170 (2d Cir. 2009); (2) whether the reduction of twenty percent (20%) in the number of hours billed for block billing and vagueness should be amended; and, (3) whether the amount of expenses recommended to be awarded should be amended.[1] See Green, 2009 U.S. Dist. LEXIS 86043, at *30, *32, *37.

---

[1] I note that while the Supreme Court has cautioned that "a request for attorneys' fees should not turn into a second major litigation," Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 609 (2001) (quotation omitted), the application for attorney's fees herein has taken on a life of its own, delaying recovery to the class members by more than one year.

DISCUSSION

I.   Legal Standard

Although not formally briefed as such, the Court will treat the within application as a motion for reconsideration, as Judge Townes did. Such motions are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. See Ehrlich v. Inc. Village of Sea Cliff, No. CV 04-4025, 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007) ("A motion for reconsideration is within the sound discretion of the district court."); Hunt v. Enzo Biochem, Inc., No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007) ("Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court.").

"Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Hunt, 2007 WL 1346652, at *1 (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). For this reason, Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Dietrich v. Bauer, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999); see also Ehrlich, 2007 WL 1593241, at *2 (stating that it is well settled in the Second Circuit that the standard for granting a motion for reconsideration is "strict"); Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) ("The standards for reargument are strictly applied in order to preserve scarce judicial resources and avoid piecemeal litigation.").

"To prevail on a motion for [reconsideration], the movant 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the

underlying motion.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Gill v. Gilder, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with a court's ruling.'" Hunt, 2007 WL 1346652, at *1 (quoting Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. See Giordano v. Thomson, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006) ("This Court cannot merely consider the same arguments that were previously submitted."). Moreover, a party is not permitted to "advance new facts, issues or arguments not previously presented to the Court" on a motion for reconsideration. Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted). "Indeed, a party requesting [reconsideration] 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Woddard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994) (additional citation omitted); see also Hunt, 2007 WL 1346652, at *1 ("The restrictive application of Local Rule 6.3 helps to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.") (quotation omitted).

II.   The Simmons Presumption

In Simmons v. New York City Transit Authority, 575 F.3d 170 (2d Cir. 2009), the Second Circuit held that when determining an award of attorney's fees, there is "a presumption in favor of application of the forum rule," id. at 175, such that courts "should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." Id. at 174 (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 119 (2d Cir. 2007), amended on other grounds by, 522 F.3d 182 (2d Cir. 2008)). The Circuit went on to hold that:

> [i]n order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result. In determining whether a litigant has established such a likelihood, the district court must consider experience-based, objective factors. Among the objective factors that may be pertinent is counsel's special expertise in litigating the particular type of case, if the case is of such nature as to benefit from special expertise . . . The party seeking the award must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result.

Simmons, 575 F.3d at 175-76.

Here, plaintiffs do not attempt to overcome the presumption set forth above for any of the attorneys who billed time in connection with this action except Howard Davis. For the reasons discussed below, I find that plaintiffs have failed to overcome the presumption in favor of the forum rule and recommend that the same hourly rates originally set forth in the R&R be used to calculate plaintiffs' attorney's fees award.

III.    The Attorney's Fees Previously Recommended

    A.    The Hourly Rates

In the R&R, I recommended that the following hourly rates be applied in calculating plaintiffs' award of attorney's fees: (1) $350 per hour for Adam Mitzner; (2) $375 per hour for Howard Davis; (3) $350 per hour for Aliza Herzberg; (4) $200 per hour for Jason Canales; (5) $150 per hour for Dina Weinberg; and, (6) $200 per hour for Katerina Valhos. (R&R at 10.) Plaintiffs now seek to increase the recommended hourly rates on the grounds that (1) they are "well below the rates awarded in this district for class action attorneys" and (2) the rate for Howard Davis should reflect his "unique experience, which could not be found in this district."[2] (Pl. Mem. of Law 3.)

With respect to plaintiffs' contention that the recommended hourly rates are below those awarded to class action attorneys, the Court has found nothing to support plaintiffs' contention that, in general, class action attorneys are entitled to higher hourly rates than non-class action attorneys. Although plaintiffs cite to several cases in which higher than normal hourly rates

---

[2] I note that the R&R pointed out that counsel for plaintiffs failed to provide the necessary background information required under the case law for Herzberg, Canales, Weinberg and Valhos other than their status as either an associate or a partner and the number of years each has been practicing law. (R&R at 9.) The R&R similarly noted that counsel for plaintiff had failed to provide any guidance as to what attorneys of similar caliber charge in the current marketplace. (R&R at 9-10.) Counsel now attempts to rectify these errors in their supplemental motion papers and exhibits offered in support thereof. However, it is not proper to consider such information when determining a motion for reconsideration. This is clearly information that plaintiffs' counsel had access to when submitting its initial motion for attorney's fees and therefore should not be considered now. See Bank Leumi Trust Co. v. Istim, Inc., 902 F. Supp. 46, 49 (S.D.N.Y. 1995) (denying motion for reconsideration and holding that information that movant sought to proffer as "new" was not actually new where the movant had access to the information prior to the underlying motion and where the movant failed to "establish that the [evidence] could not have been found by due diligence").

were awarded to prevailing parties, the cases on which plaintiffs rely can be easily distinguished from the within action. As noted in the R&R, this was a relatively straightforward and simple action with the central issue - plaintiffs' IDEA claim - having already been decided by two prior cases, Andree v. Nassau County, 311 F. Supp. 2d 325 (E.D.N.Y. 2004) and Mejia v. City of New York, No. 01 Civ. 3381, 2004 U.S. Dist. LEXIS 25058, at *1 (S.D.N.Y. Dec. 10, 2004).[3] Conversely, the cases to which plaintiffs cite involved large complex multi-district products liability litigations, consolidated securities fraud class actions, tobacco litigations, and common fund cases, all of which are inapposite to the within action.

With respect to attorneys' fees in general in this district, "[a] review of recent cases . . . indicates that the range of appropriate billing rates is $200 - $375 per hour for partners and $100 - $295 per hour for associates." Melnick v. Press, No. 06-CV-6686, 2009 U.S. Dist. LEXIS 77609, at *32 (E.D.N.Y. Aug. 28, 2009) (collecting cases). Class action civil rights actions, such as the within one, have routinely awarded rates in line with those set forth above. See, e.g., Bentancourt v. Giuliani, 325 F. Supp. 2d 330, 333 (S.D.N.Y. 2004) (reducing the "average hourly rate" to $200 per hour); Davis v. New York City Housing Auth., Nos. 90 Civ. 628, 92 Civ. 4873, 2002 WL 31748586, at *3 (S.D.N.Y. Dec. 6, 2002) (awarding fees ranging from $275 to $375 per hour);[4] see also Access 4 All, Inc. v. 135 W. Sunrise Realty Corp., No. CV 06-5487,

---

[3] Judge Townes noted in her Memorandum and Order that "[a]s the R&R correctly notes, class counsel obtained their results largely by following a trail which had already been blazed for them in Andree and Mejia." Green, 2009 U.S. Dist. LEXIS 86043, at *35.

[4] The Court notes that the class action civil rights actions cited to are Southern District of New York cases. However, they were decided prior to the presumption announced in Simmons when courts routinely relied on the rates of both the Southern and Eastern districts. See, e.g., New Leadership Committee v. Davidson, 23 F. Supp. 2d 301, 305 (E.D.N.Y. 1998) (holding that the magistrate judge in the Eastern District of New York did not abuse her discretion in

2008 WL 4453221, at *6 (E.D.N.Y. Sept. 30, 2008) (ADA litigation in which court stated that "[o]verall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants."). Based on the foregoing, the hourly rates previously recommended are consistent with the currently prevailing rates in this district.

With respect to Howard Davis' hourly rate, plaintiffs assert that were it not for Davis' unique expertise, they would not have obtained the result that they did, and therefore, Davis' hourly rate should be increased to the $650 per hour originally requested. However, as the Circuit stated in Simmons, in order to overcome the presumption of the forum rule, plaintiffs must make a "particularized showing" that both a reasonable client would have chosen to use Davis and that without Davis, plaintiffs would have obtained an inferior result. See Simmons, 575 F.3d at 176. Plaintiffs have failed to make such a showing.

Davis' supplemental declaration, which is presumably supposed to persuade the Court that he possesses unique or special expertise in the areas of IDEA, Medicaid, personal injury and medical malpractice litigation, consists of substantially nothing more than two paragraphs stating that he was contacted by plaintiffs' counsel in the Andree case concerning retention "to provide expert assistance on behalf of the plaintiffs in the prosecution of their case based upon [his] extensive experience . . . ." (Davis Supp. Decl. ¶ 3.) Davis was sent a copy of the complaint in Andree and "further discussions ensued." (Davis Supp. Decl. ¶ 4.) However, Davis was

---

considering the prevailing hourly rates in the Southern District of New York when awarding attorney's fees).

ultimately not retained in that matter. (Davis Supp. Decl. ¶ 4.) This declaration falls far short of the "particularized showing" required by Simmons.

For the foregoing reasons, I recommend that the forum rule be applied to Davis' hourly rate and that the hourly rates previously recommended for all of the attorneys who billed time in connection with this action be used to calculate plaintiffs' award of attorney's fees.

B.  The Reduction in Hours

The R&R recommended an across-the-board percentage reduction of twenty percent (20%) for block billing and vague billing entries. (R&R at 11-13.) However, after reviewing the parties' motion papers, it appears that the Court relied on an outdated set of billing records when making that recommendation.[5] While the vagueness of the billing entries has been rectified, there is still a substantial amount of block billing. Although not prohibited, block billing "renders it difficult to determine whether, and/or the extent to which, the work done by . . . attorneys is duplicative or unnecessary . . . ." Molefi v. The Oppenheimer Trust, No. 03 CV 5631, 2007 U.S. Dist. LEXIS 10554, at *21 (E.D.N.Y. Feb. 15, 2007) (quotation omitted). Across-the-board percentage cuts are routinely employed by courts to remedy such block billing. See, e.g., id. at *24 (reducing fees by fifteen percent, in part for block billing); Commission Express Nat'l, Inc. v. Rikhy, No. CV-03-4050, 2006 U.S. Dist. LEXIS 8716, at *17 (E.D.N.Y. Feb. 16, 2006) (reducing fees by ten percent for block billing); Gonzalez v. Bratton, 147 F. Supp. 2d 180, 213 (S.D.N.Y. 2001) (reducing fees by twelve percent for block billing). Accordingly, I

---

[5] The Court notes that plaintiffs' counsel was afforded the opportunity to clarify their billing records on at least two occasions, which resulted in the submission of multiple sets of billing records.

-9-

recommend that the across-the-board reduction of twenty percent (20%) previously recommended be reduced to fifteen percent (15%).

With respect to Adam Mitzner's travel-related time entries, the R&R recommended a fifty percent (50%) reduction as to 37.2 hours, (R&R at 13-14), in light of the fact that "[i]t is well-established that within this circuit, time charged by an attorney for travel will be reimbursed at half of the attorney's [reasonable] hourly rate." Access 4 All, Inc., 2008 U.S. Dist. LEXIS 91674, at *36-37 (E.D.N.Y. Sept. 30, 2008) (citing cases); see also Tlacoapa v. Carregal, 386 F. Supp. 2d 362, 373 (S.D.N.Y. 2005) (stating that "[c]ourts in this Circuit regularly reduce attorney's fees by 50% for travel time"). Plaintiffs request that the Court only impose such a deduction on sixteen (16) hours, "taking judicial recognition that round-trip travel from New York City to Hauppauge[6] takes, at most, three hours, and from Midtown Manhattan to the Eastern District courthouse [in Brooklyn] would take an hour, round trip." (Pl. Mem. of Law 10-11.) However, as the Court pointed out in the R&R, due to the block billing engaged in by Mitzner, it is impossible for the Court to determine how much time was spent traveling and whether the time spent on the other tasks aggregated with the travel-related entries was in fact reasonable. (R&R at 14.) Accordingly, I recommend that all of Mitzner's travel-related entries be reduced by fifty percent (50%), as previously recommended.

---

[6] The Court notes that the courthouse is no longer located in Hauppauge and has been located in Central Islip since 2000.

IV.     Revised Calculation of Attorney's Fees

In light of the revised recommendation of an across-the-board percentage reduction of fifteen percent (15%), I recommend that attorney's fees be awarded as follows:

| Name | Position | Requested Number of Hours Reduced by 20% | Court's Recommended Hourly Rate | Number of Hours Reasonably Expended Multiplied by Reasonable Hourly Rate |
|---|---|---|---|---|
| Adam Mitzner | Partner | 1,820.48[7] x 85% = 1,547.41 | $350/hour | $ 541,593.50 |
| Howard Davis | Partner | 937.15[8] x 85% = 796.58 | $375/hour | $ 298,717.50 |
| Aliza Herzberg | Partner | 12.5 x 80% = 10.00 | $350/hour | $ 3,720.50 |
| Jason Canales | Associate | 45 x 85% = 38.25 | $200/hour | $ 7,650.00 |
| Dina Weinberg | Associate | 124 x 85% = 105.40 | $150/hour | $ 15,810.00 |
| Katerina Valhos | Associate | 31 x 85% = 26.35 | $200/hour | $ 5,270.00 |
|  | Paralegal Tasks | 21.1 x 85% = 17.94 | $100/hour | $ 1,794.00 |

Based on the foregoing, I recommend that plaintiffs be awarded $874,555.50 in attorney's fees.

---

[7] This represents Mitzner's recorded time of 1839.08 hours minus half of the travel-related entries (37.2 divided by 2 = 18.6).

[8] This represents Davis' recorded time of 958.25 hours minus the 21.1 hours spent on paralegal tasks, which plaintiffs have not objected to.

V.    Expenses

The R&R recommended that plaintiffs be awarded their out-of-pocket expenses in the amount of $5,063.99. (R&R at 21-22.) As plaintiffs correctly point out, the Court appears to have overlooked an additional $4,753.32 in expenses incurred by Howard Davis. (Mitzner Supp. Decl. Ex. 2.) Accordingly, I recommend that plaintiffs' award of expenses be increased by $4,753.32, for a total award of $9,817.31.

RECOMMENDATION

For the foregoing reasons, I recommend that the previously issued Report and Recommendation be revised to award plaintiffs $874,555.50 in attorney's fees and $9,817.31 in expenses, for a total monetary award of $884,372.81. In all other respects, the Report and Recommendation remains the same.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of receipt of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**SO ORDERED:**

Dated: Central Islip, New York
December 8, 2009

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge