UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CELESTE GREEN, Individually and as Parent and Natural Guardian of ALIA GREEN, MARSCHELL RUGGS, Individually and as Parent and Natural Guardian of ASHLEY VICTORIA RUGGS, and JONATHAN and RANDI BULOS, Individually and as Parents of LAUREN BOLOS,

Plaintiffs,

-against-

THE CITY OF NEW YORK, THE CITY OF NEW YORK DEPARTMENT OF SOCIAL SERVICES HUMAN RESOURCES ADMINISTRATION, and VERNA EGGLESTON,

Defendants.

------------------------------------------------------------------------ x

05 Civ. 0429 (SLT)(ETB)

**CITY DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION REGARDING ATTORNEYS' FEES AND ISSUED ON DECEMBER 8, 2009**

**MICHAEL A. CARDOZO**
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street, Room 2-189
New York, New York  10007

Of Counsel:  Elizabeth A. Wells
(718) 755-5024

**Date of Service:  December 28 2009**

# TABLE OF AUTHORITIES

**Cases**                        **Pages**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of*
    522 F.3d 182 (2d Cir. 2008) ..................................................................................................1

*Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053 (2d Cir. 1989) ....................4

*Cioffi v. New York Cmty. Bank*, 465 F. Supp. 2d 202 (E.D.N.Y. 2006) ..........................................4

*Dentsply Int'l, Inc. v. Omni Dental Supply, Inc.*, No. CV-08-1931 (RRM) (SMG)
    2009 U.S. Dist. LEXIS 103070 (E.D.N.Y. Oct. 12, 2009) ..................................................3

*Empire State Carpenters Pension, Welfare, Vacation, Annuity,*
    *Labor-Management Cooperation & Apprentice Training*
    *Funds v. Paterson Constr. LLC*, No. CV 07-4613 (DRH)(ARL),
    2009 U.S. Dist. LEXIS 115554 (E.D.N.Y. Nov. 13, 2009) .................................................3

*Felix Produce Corp. v. New Lots Food Corp.*, 08-CV-5161 (JS)(ARL),
    2009 U.S. Dist. LEXIS 96367 (E.D.N.Y. Oct. 9, 2009) ................................................... 3-4

*Foster v. Miller*, No. 04 Civ. 7990 (BSJ) (JCF),
    2007 U.S. Dist. LEXIS 47670 (S.D.N.Y. June 26, 2007) ....................................................2

*Germain v. County of Suffolk*, No. 07-CV-2523 (ADS)(ARL),
    2009 U.S. Dist. LEXIS 113931 (E.D.N.Y. Dec. 5, 2009) ....................................................2

*In re Gilat Satellite Networks, Ltd.*, No. 02-CV-1510,
    2007 U.S. Dist. LEXIS 68964 (E.D.N.Y. Sept. 18, 20087) .................................................5

*Guideone Specialty Mutual Ins. Co. v. Congressional Adas Yereim*,
    No. 1:04-cv-5300 (ENF)(JO), 2009 U.S. Dist. LEXIS 91031
    (E.D.N.Y. Sept. 29, 2009) ................................................................................................4,5

*Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir. 1998) .............................................................7

*Lochern v. County of Suffolk*, No. 08-27230cv, 2008 U.S. Dist. LEXIS 38100 (E.D.N.Y.
    May 9, 2008), *vacated and remanded*, 2009 U.S. App. LEXIS 19814 (2d Cir.
    Sept. 3, 2009) ......................................................................................................................6

*Lukaszuk v. Sudeen*, No. CV 02-5143, 2007 U.S. Dist. LEXIS 95919
    (E.D.N.Y. Nov. 27, 2007) ....................................................................................................4

*Melnick v. Press*, No. 06-CV-6686 (JFB)(ARL), 2009 U.S. LEXIS 77609
(E.D.N.Y. Aug. 28, 2009)..................................................................................................4

*Molefi v. Oppenheimer Trust*, No. 03 CV 5631, 2007 U.S. Dist. LEXIS 10554
(E.D.N.Y. Feb. 15, 2007) .................................................................................................8

*Morgenstern v. County of Nassau*, No. CV 04-58 (ARL),
2009 U.S. Dist. LEXIS 116602(E.D.N.Y. Dec. 15, 2009)....................................................3

*Mr. X v. New York State Educ. Dep't*, 20 F. Supp. 2d 561 (S.D.N.Y. 1998) ..................................7

*Nero v. Law Office of Same Streeter P.L.L.C*, No. 08-CV-1459 (KAM) (RLM),
2009 U.S. Dist. LEXIS 84702 (E.D.N.Y., Sept. 10, 2009) ....................................................4

*Rotella v. Bd. of Ed. of the City of New York*, No. CV 01-0434, 2002 U.S. Dist LEXIS
507 (E.D.N.Y. Jan. 17, 2002) ............................................................................................6

*Simmons v. New York City Transit Authority*, 575 F.3d 170 (2d Cir. 2009) ................................1,2

*Trs. of the Bricklayers & Allied Craftworkers Local 5 N.Y. Ret., Welfare & Training
Funds v. Helmer-Cronin Constr., Inc.,* No. 03 Civ. 748,
2005 U.S. Dist. LEXIS 40165 (S.D.N.Y. Oct. 24, 2005).......................................................7

*Tu v. Tad Sys. Tec. Inc*, No. 08-CV-3822 (SLT) (RM),
2009 U.S. Dist. LEXIS 82410 (E.D.N.Y. Sept. 10, 2009) .....................................................6

**PRELIMINARY STATEMENT**

Plaintiffs are entitled to lower attorneys' rates than those suggested by the Report and Recommendation issued by Magistrate Judge Boyle on December 8, 2009 (herein "R&R").[1] Specifically, recent attorneys' fee cases indicate that current market rates for a comparable services rendered in the Eastern District would be around $275 per hour for Howard Davis, $250 per hour for Adam Mitzner, $125 for any work that should have been performed by a junior associate, and $55 per hour for any work that should have been performed by a paralegal. Further, the R&R erred by suggesting any compensation for the services performed by Aliza Herzberg, Jason Canales, Katerina Valhos, and Dina Weinberg for whom plaintiffs submitted inadequate evidence concerning their backgrounds. Finally, a 20 percent overall reduction, rather than the 15 percent suggested by the R&R, is appropriate in light of the rampant block billing conducted by plaintiffs' attorneys, because it prevents defendants and this Court from assessing the reasonableness of the hours submitted by plaintiffs' attorneys.

**ARGUMENT**

**POINT I**

**PLAINTIFFS ARE ENTITLED TO RATES
LOWER THAN THOSE RECOMMENDED**

**Plaintiffs Have Failed to Meet Their Burden
To Show Southern District Rates Should be applied here**

*Simmons v. New York City Transit Authority*, 575 F.3d 170 (2d Cir. 2009) has significantly altered the state of the law since the initial Report & Recommendation suggested rates in this action back in February 2009. *See* Docket No. 25. Specifically, the Second Circuit has since held that in order to overcome the presumption of the forum rule (articulated in *Arbor*

---

[1] Despite the recent amendment to Rule 6(a)(2) of the Federal Rules of Civil Procedure, the Docket Text of the Report & Recommendation clarifies that the parties had ten business, not calendar, days to file their Objections. *See* Docket No. 150 (ordering that "Objections to R&R due by 12/128/2009.")

*Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191 (2d Cir. 2008)) plaintiffs must make a "particularized showing" that a reasonable client would have chosen plaintiffs' counsel because plaintiffs' counsel "would likely (not just possibly) produce a substantially better net result."  *Simmons*, 575 F.3d at 175-6.

The R&R properly notes that in their submissions to the Court "plaintiffs do not attempt to overcome the presumption [of the forum rule] for any of the attorneys who billed time in connection with this action except Howard Davis.  R&R at 5.  Plaintiffs' attempts to *now* argue that all of plaintiffs' attorneys are entitled to out-of-district rates (*see* Pls. Objections to R&R at 3) are wholly inappropriate and should be disregarded for procedural reasons.  *See Foster v. Miller*, No. 04 Civ. 7990 (BSJ) (JCF), 2007 U.S. Dist. LEXIS 47670, at *3 (S.D.N.Y. June 26, 2007).  In any event, plaintiffs have failed to make the necessary particular evidentiary showing.  A court in this district recently found that out-of-district rates applied in the very limited and specific circumstance where plaintiff submitted evidence that several firms in the forum declined representation, thus sufficiently demonstrating that plaintiff needed to seek an out-of-forum attorney in Manhattan to secure representation.  *Germain v. County of Suffolk*, No. 07-CV-2523 (ADS)(ARL), 2009 U.S. Dist. LEXIS 113931, at *6-7 (E.D.N.Y. Dec. 5, 2009).  Here, plaintiffs offer no comparable evidence.

At best, they offer evidence that Mr. Davis attempted to work on this case with law firms in Manhattan, Mount Kisco, Cleveland and Philadelphia, and that none of these law firms agreed to work with him.  The first attorney that agreed with work with Mr. Davis was Adam Mitzner (who since this case's inception has been associated with three different law firms located in Manhattan).  Davis Decl., dated June 7, 2008 (Docket No. 88) at ¶¶ 18-20 (claiming Rappaport, Glass, Greene and Levine of Manhattan; Quaranta & Associates of Mount Kisco;

Climaco, Lefkowitz, Peca, Wilcox & Garofoli of Cleveland; Karon & Goldman of Philadelphia and Cleveland; and Partnership for Children's Rights in Manhattan all declined to work with Mr. Davis). Plaintiffs submit no evidence concerning the representation of any of the named plaintiffs. Critically, plaintiffs submit no evidence that any law firm *in the Eastern District* declined to represent them. Indeed, the only attorney who, presumably, did agree to represent them, Mr. Davis, is located in the Eastern District. *See* Notice of Appearance of Mr. Davis. In sum, plaintiffs have not met their evidentiary burden to overcome the forum rule presumption. *See also Morgenstern v. County of Nassau*, No. CV 04-58 (ARL), 2009 U.S. Dist. LEXIS 116602, at *25 (E.D.N.Y. Dec. 15, 2009) ("In other words, although counsel clearly has expertise litigating civil rights cases, the court cannot find that use of in-district counsel would have produced a substantially inferior result. Thus, the fee application must be determined using current Eastern District rates."). Accordingly and as the R&R correctly held, Eastern District rates should be applied to each and every attorney and staff member of class counsel who worked on the instant action. R&R at 8-9.

**Reasonable Rates in the Eastern District**

In determining current market rates in the Eastern District, the R&R erred in not relying on recent fee decisions of courts in the Eastern District, *i.e.*, decisions issued since the Second Circuit decided *Simmons* which necessarily reflect current market rates. *E.g., Morgenstern*, 2009 U.S. Dist. LEXIS 116602, at *30 (awarding between $300-$400 per hour for partners, $200-$250 for associates; $100 for paralegals); *Empire State Carpenters Pension, Welfare, Vacation, Annuity, Labor-Management Cooperation & Apprentice Training Funds v. Paterson Constr. LLC*, No. CV 07-4613 (DRH)(ARL), 2009 U.S. Dist. LEXIS 115554, at *8 (E.D.N.Y. Nov. 13, 2009) (awarding between $175-$225 for partners and senior associates);

*Dentsply Int'l, Inc. v. Omni Dental Supply, Inc.*, No. CV-08-1931 (RRM) (SMG) 2009 U.S. Dist. LEXIS 103070, at 13-16 (E.D.N.Y. Oct. 12, 2009) (awarding around $350 per hour for partners, around $110-25 per hour for junior associates); *Felix Produce Corp. v. New Lots Food Corp.*, 08-CV-5161 (JS)(ARL), 2009 U.S. Dist. LEXIS 96367, at *9 (E.D.N.Y. Oct. 9, 2009) (holding "ranging of appropriate billing rates is $200-$250 per hour for partners, $100-295 per hour for associates, and $70-$120 for paralegals"); *Guideone Specialty Mutual Ins. Co. v. Congressional Adas Yereim*, No. 1:04-cv-5300 (ENF)(JO), 2009 U.S. Dist. LEXIS 91031, *13-15 (E.D.N.Y. Sept. 29, 2009) (awarding $275 per hour for partners, $125 per hour for junior associates and $55 for paralegals); *Nero v. Law Office of Same Streeter P.L.L.C*, No. 08-CV-1459 (KAM) (RLM), 2009 U.S. Dist. LEXIS 84702, at *27 (E.D.N.Y., Sept. 10, 2009) (holding $200 per hour reasonable for a senior associate and noting that courts in the Eastern District award partners from $200 to $375 (citations omitted)); *Melnick v. Press*, No. 06-CV-6686 (JFB)(ARL), 2009 U.S. LEXIS 77609 (E.D.N.Y. Aug. 28, 2009) ("A review of recent cases in this District indicates that the range of appropriate billing rates is $200-$375 per hour for partners and $200-$295 for associates" (citations omitted)).

In determining what rate is appropriate, courts consider the size of the law firm for which attorneys perform their services. Courts generally award higher rates for services performed by attorneys at larger firms because higher rates account for overhead office costs and services available at such firms. *See, e.g., Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1059 (2d Cir. 1989); *Lukaszuk v. Sudeen*, No. CV 02-5143, 2007 U.S. Dist. LEXIS 95919, at *35 (E.D.N.Y. Nov. 27, 2007); *Cioffi v. New York Cmty. Bank*, 465 F. Supp. 2d 202, 219 (E.D.N.Y. 2006). Contrastingly, lower rates are appropriate for smaller firms, which have lower overhead costs and fewer services available. *See Chambless*, 885 F.2d at 1058-59,

*Cioffi*, 465 F. Supp. 2d at 219.  Here, Adam Mitzner is a partner at Pavia & Harcourt, a firm that has 18 attorneys (according to its website) and his co-counsel, Howard Davis, worked as a solo practitioner until his retirement.[2]  Accordingly, rates for smaller firms are more appropriate than those rates suggested in the R&R, such as the rates applied in *Guideone Specialty Mutual Ins*. 2009 U.S. Dist. LEXIS 91031, at *12-13 (noting the firm had 12 attorneys and awarding $275 per hour for partners, $125 per hour for junior associates and $55 for paralegals).  Specifically, defendants suggest a rate of $275 per hour for Mr. Davis, $250 per hour for Mr. Mitzner.

The R&R further erred by failing to recognize that many tasks performed by Mr. Davis and Mr. Mitzner should have been performed by a junior associate or a paralegal.  *See* Wells Decl., dated July 25, 2008, Exhibits F and G (listing of 971.3 hours of services that should have been performed by a junior associate); Exhibit I (listing 44.4 hours of services that should have been rendered by a paralegal).  Applying *Guideone* and the similar recent case law cited above, defendants suggest a rate of $125 per hour for worked that should have been performed by a junior associate, and $55 per hour for any worked that should have been performed by a paralegal.

**No Increase Required for Class Action**

Plaintiffs argue that their attorneys are entitled to a rate higher than market rate because the instant action was brought as a class action. Pls. Objects to R&R at 3-5.  The case law, however, supports heightened fees in circumstances where the legal issues are so complicated that they require specialized experience, not merely because the action was brought on behalf of a class.  *See, e.g., In re Gilat Satellite Networks, Ltd*., No. 02-CV-1510, 2007 U.S. Dist. LEXIS 68964, at *15 (E.D.N.Y. Sept. 18, 20087) (which found that higher rates were "not

---

[2] Indeed, Mr. Davis is currently unaffiliated with any firm.  In fact, he closed his solo practice in 2000 and currently maintains no office.  See Ex. A to Davis Decl., dated June 7, 2008.

out of the ordinary when billed by a major law firm in a 'undoubtedly complicated' securities litigation class action"). Indeed, this Court has recently awarded rates higher than the typical Eastern District rate described above in an intellectual property case, because "intellectual property matters require a specialized knowledge and courts in this district recognized higher than average hourly rates for experienced intellectual property attorneys." *Tu v. Tad Sys. Tec. Inc*, No. 08-CV-3822 (SLT) (RM), 2009 U.S. Dist. LEXIS 82410, at *28-29 (E.D.N.Y. Sept. 10, 2009) (citations omitted; awarding "$375 for partners, $250 for senior associates, and $150 for junior associates"). As this Court already recognized, plaintiffs' attorneys required no extraordinary skill to litigate this case, because "class counsel obtained their results largely by following a trail which had already been blazed for them in *Andree* and *Mejia*." Order dated Sept. 21, 2009, at 21. Moreover, defendants here stipulated to class certification. Thus further negating any alleged special skills concerning counsel's representation of the class. Because no special skills or expertise were require of plaintiffs' attorneys, the ordinary market rates of the Eastern District described above apply.

**Herzberg, Canales, Valhos, Weinberg**

As to the remaining partner, Aliza Herzberg, and the remaining associates, Jason Canales, Katerina Valhos, Dina Weinberg, the R&R correctly found that "plaintiffs failed to provide the necessary background information required under the case law." R&R at 6 n2. The R&R erred, however, in failing to exclude compensation for these attorneys as was well within its discretion. *See Lochern v. County of Suffolk*, No. 08-27230cv, 2008 U.S. Dist. LEXIS 38100, at *15 n 4 (E.D.N.Y. May 9, 2008), *vacated on other grounds*, 2009 U.S. App. LEXIS 19814 (2d Cir. Sept. 3, 2009); *Rotella v. Bd. of Ed. of the City of New York*, No. CV 01-0434, 2002 U.S. Dist LEXIS 507, at * 5 n.1 (E.D.N.Y. Jan. 17, 2002). The bills submitted for these four

attorneys totals $45,850. *See* Ex O to Mitzner's Original Decl. Defendants respectfully submit that the award exclude the entirety of this sum.[3]

## POINT II

## 20% REDUCTION FOR BLOCK-BILLING PROPER

The R&R properly held that an across-the-board percentage cut was required in the instant action to remedy plaintiffs' counsel's profuse use of block billing. R&R at 9 (citations omitted). The R&R erred, however, by applying a 15, rather than 20 percent, reduction.

Plaintiffs' attorneys' use of block billing in this action was rampant. Over 38 percent of all the hours submitted by Mr. Mitzner were comprised of block billing; likewise, over 28 percent of all the hours submitted by Mr. Davis were comprised of block billing. *See* Wells Decl. dated July 25, 2008, Exhibits D and E (listing 912.75 hours block billed by plaintiffs' attorneys). Block billing makes it difficult, if not impossible to "determine whether, and/or the extent to which, the work done by … attorneys is duplicative or unnecessary." *Molefi v. Oppenheimer Trust*, No. 03 CV 5631, 2007 U.S. Dist. LEXIS 10554, at *21 (E.D.N.Y. Feb. 15, 2007) (quotation omitted). Indeed, plaintiffs' attorneys' rampant block billing prevents defendants' attorneys from assessing which work was duplicative or unnecessary. *See generally* Defs. Initial Opp. Mem. and Wells Decl., dated July 25, 2008. Plaintiff should not be rewarded for their attorneys' failure to provide sufficiently specific and detailed billing records that would otherwise enable one to assess the reasonableness of their number of hours.

---

[3] To the extent that this Court feels some reimbursement for the work of these four attorneys is required, defendants submit that the rate of $125, or the rate in *Oneguide* that was applied to a junior associate, would be most appropriate.

-7-

Courts routinely apply a 20 percent overall reduction to cure block billing and other billing deficiencies that render it difficult to determine the reasonableness of the hours alleged. *E.g., Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir. 1998) (affirming 20% reduction for "vagueness, inconsistencies, and other deficiencies in the billing records' within court's discretion); *Mr. X v. New York State Educ. Dep't*, 20 F. Supp. 2d 561, 564 (S.D.N.Y. 1998) (20% reduction to account for these vague and duplicative time entries"); *Upjohn Co. v. Medtron Labs., Inc.*, No. 87 Civ. 5773 (SWK), 2005 U.S. Dist. LEXIS 28307 (S.D.N.Y. Nov. 16, 2005) (applying 25% reduction where "most of the entries in the Fee Application, while detailed, are block-billed, rendering it difficult for the Court to determine exactly how much time was spent on specific activities."); *Trs. of the Bricklayers & Allied Craftworkers Local 5 N.Y. Ret., Welfare & Training Funds v. Helmer-Cronin Constr., Inc.,* No. 03 Civ. 748, 2005 U.S. Dist. LEXIS 40165, at *5 (S.D.N.Y. Oct. 24, 2005) (applying "20% reduction in the total number of hours billed where the majority of the record consisted of vague entries"). Accordingly, a 20 percent overall reduction is appropriate to the action here to rectify the unfairness created by plaintiffs'' attorneys' 912.75 hours of block billing.

## POINT III

## <u>NO INTEREST</u>

Plaintiffs improperly claim that post-judgment interest is required starting from November 14, 2008 (*see* Pl. Objections to R&R at 19), yet Section 1961 of 28 U.S.C. applies only where a "money judgment" has been issued. Indeed, the intent of post-judgment interest is to prevent defendants from delaying payment. Here, the order dated November 18, 2008, required defendants to pay no moneys. Accordingly, no statutory interest is due.

## **CONCLUSION**

**WHEREFORE,** defendants respectfully request that this Court substantially reduce the rates suggested in the R&R as detailed above and further apply a 20 percent overall reduction to the total number of hours submitted by plaintiffs' attorneys.

Dated:　　New York, New York
　　　　　　December 28, 2009

　　　　　　　　　　　　　　　　　MICHAEL A. CARDOZO
　　　　　　　　　　　　　　　　　Corporation Counsel of the   City of New York
　　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　　100 Church Street, Room 2-189
　　　　　　　　　　　　　　　　　New York, New York  10007
　　　　　　　　　　　　　　　　　(718) 755 -5024

　　　　　　　　　　　　　　　　　By:　　　\s
　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Elizabeth A. Wells
　　　　　　　　　　　　　　　　Assistant Corporation Counsel

Case 2:05-cv-00429-SLT-ETB   Document 155   Filed 12/28/09   Page 13 of 13