UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

CELESTE GREEN, as Parent and Natural Guardian of       :     05 Civ. 0429 (SLT)(ETB)
ALIA GREEN, MARSCHELL RUGGS, as Parent and         :
Natural Guardian of ASHLEY VICTORIA RUGGS,          :     **ORAL ARGUMENT**
and JONATHAN and RANDI BOLOS, as Parents and        :     **REQUESTED**
Natural Guardians of LAUREN BOLOS,                  :
                                                    :
                              Plaintiffs,           :
            -against-                               :
                                                    :
THE CITY OF NEW YORK, THE CITY OF NEW               :
YORK DEPARTMENT OF SOCIAL SERVICES                  :
HUMAN RESOURCES ADMINISTRATION, and                 :
VERNA EGGLESTON,                                    :
                              Defendants.           :
                                                    :
---------------------------------------------------------------- X

# PLAINTIFFS' CLASS COUNSEL'S
# REQUEST TO STRIKE NEW YORK CITY'S OBJECTIONS
# TO THE REPORT; AND IN THE ALTERNATIVE, REPLY
# TO THOSE OBJECTIONS

# PAVIA & HARCOURT LLP

**600 MADISON AVENUE**
**NEW YORK, NEW YORK 10022-1653**
**T: (212)-980-3500**
**F: (212) 980-3185**

Date of Service:  January 6, 2010

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT .....................................................................................................1

I.      THE CITY'S OBJECTIONS ARE UNTIMELY ...............................................................1

II.     THE CITY'S RESPONSE TO PLAINTIFFS' CLASS COUNSEL'S
       OBJECTIONS SHOULD BE REJECTED..........................................................................3

      A.     The Rates Awarded Should Be Class Action Rates and Not the Rates Set
             Forth in the R&R or the City's Objections ...............................................................3

            1.     The Rates Should Be for Class Action Attorneys.......................................3

            2.     The Rates Suggested in the City's Objections for Non-Class Action
                  Attorneys are Well Below the Standard in the Eastern District..................5

            3.     Out-of-District Rates Should Apply ...........................................................6

      B.     The Hours Billed Should Not Be Reduced ...............................................................7

      C.     The Fee Award Should Include Interest Running from November 14, 2008.........9

      CONCLUSION....................................................................................................................10

Request to Strike/Response to City's Objections
Case No. 05 Civ. 0429 (SLT)(ETB)

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                      <u>Page(s)</u>

<u>Aiello v. Town of Brockhaven</u>, 2005 WL 1397202 (E.D.N.Y. June 13, 2005) ..........................7, 9

<u>Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany</u>,
      522 F.3d 182 (2d Cir. 2008).....................................................................................................3

<u>Chinatrust Bank v. Pinter</u>, 2008 WL 2987152 (E.D.N.Y. July 31, 2008) ......................................7

<u>Empire State Carpenters Pension, Welfare, Vacation, Annuity, Labor-Management</u>
      <u>Cooperation & Apprentice Training Funds v. Paterson Constr. LLC</u>,
      2009 U.S. Dist LEXIS 1115554, 2009 WL 4981860 (E.D.N.Y. Nov. 13, 2009)...............5

<u>Felix Produce Corp. v. New Lots Food Corp.</u>,
      2009 U.S. Dist LEXIS 96367, 2009 WL 2985444 (E.D.N.Y. Sept. 14, 2009) .................6

<u>Germain v. County of Suffolk</u>, 2009 WL 4546671 (E.D.N.Y. Dec. 5, 2009).................................6

<u>Guideone Speciality Mutual Ins. Co v. Congressional Adas Yereim</u>,
      2009 U.S. Dist. LEXIS 91031 (E.D.N.Y. Sept. 29, 2009)....................................................6

<u>Gutman v. Klein</u>, 2009 WL 3296072 (E.D.N.Y. Oct. 13, 2009) ......................................................7

<u>Indu Craft, Inc. v. Bank of Baroda</u>, 87 F.3d 614 (2d Cir.1996).......................................................9

<u>Mario v. P & C Food Mkts.</u>, 313 F.3d 758 (2d Cir.2002) ...............................................................2

<u>Melnick v. Press</u>,
      2009 U.S. Dist. LEXIS 77609, 2009 WL 2824586 (E.D.N.Y. Aug. 28, 2009)...................5

<u>Morgenstern v. County of Nassau</u>,
      2009 U.S. Dist. LEXIS 116602, 2009 WL 5103158 (E.D.N.Y. Dec. 15, 2009) .................5

<u>Mr. X. v. New York State Education Department</u>, 20 F.Supp. 561 (S.D.N.Y. 1998)....................8

<u>Nero v. Law Office of Sam Street P.L.L.C.</u>,
      2009 U.S. Dist. LEXIS 84072, 2009 WL 2981973 (E.D.N.Y. Sept. 10, 2009) .................5

<u>Nicholson v. Williams</u>, 2004 WL 4760138 (E.D.N.Y. Oct. 25, 2004)............................................9

<u>Okoi v. El Al Israel Airlines</u>, 2006 WL 3501224 (E.D.N.Y. Dec. 4, 2006)....................................2

<u>Raff v. Maggio</u>, 746 F.Supp. 1207 (E.D.N.Y.1990).........................................................................9

<u>Rahman v. Smith & Wollensky Restaurant Group, Inc.</u>,
      2009 WL 72441 (S.D.N.Y. Jan. 7, 2009) ..........................................................................7

<u>Simmons v. New York City Transit Auth.</u>, 573 F.3d 170 (2d Cir. 2009) ......................................3

**CASES (cont'd)**                                                                                      **Page(s)**

Thomas v. Arn, 474 U.S. 140 (1985)..............................................................................2

Trs. of the Bricklayers & Allied Craftworkers Local 5 N.Y. Ret., Welfare & Training
    Funds v. Helmer-Cronin Constr., Inc.,
    2005 U.S. Dist. LEXIS 40165, 2005 WL 3789085 (S.D.N.Y. Oct. 24, 2005)...................9

Upjohn Co. v. Medtron Labs, Inc.,
    2005 U.S. Dist. LEXIS 28307, 2005 WL 3078232 (S.D.N.Y. Nov. 16, 2005)..................8

Ursa Minor, Ltd. v. Aon Financial Products, Inc.,
    2001 WL 1842042 (S.D.N.Y. May 30, 2001) ...................................................................7

**OTHER AUTHORITIES**

28 U.S.C. § 636..................................................................................................................1

28 U.S.C. § 1961................................................................................................................9

Federal Rules of Civil Procedure, Rule No. 6 ...................................................................1

Federal Rules of Civil Procedure, Rule No. 23 .................................................................4

Federal Rules of Civil Procedure, Rule No. 72 ..............................................................1, 3

## PRELIMINARY STATEMENT

On December 28, 2009, New York City (the "City") filed objections to the Report and Recommendation received on December 8, 2009 (the "R&R") (the "City's Objections").  The City's Objections are untimely pursuant to the clear terms of the R&R (see p. 12 ("Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of receipt of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's Order"); as well as 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 6 and 72.  As a result, the City's Objections should be stricken.

To the extent the Court considers the City's Objections, for the reasons stated below, they should be rejected.  Indeed, the City had previously argued to this Court that the hourly rates in the R&R "were appropriate." (See City Defendants' Response to Plaintiffs' Objections to the Report and Recommendation Concerning Their Application for Attorneys' Fees and Expenses at 1 (ECF 128).)

## I.

## THE CITY'S OBJECTIONS ARE UNTIMELY

The rules are crystal clear concerning when objections to a Magistrate Judge's Report and Recommendation are due – 10 days after receipt.  Rule 72(b)(2) of the Federal Rules of Civil Procedure states:

> *Objections.*  Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy.

Fed.R.Civ.P. 72(b)(1).  The R&R was received by all parties via electronic filing on December 8, 2009.  As the City correctly points out, any objections to the R&R had to be filed no later than

December 18, 2009.

The City did not file its objections until December 28, 2009 – a full ten days <u>after</u> the deadline, and <u>13 business days</u> after the filing.  As a matter of law, the City has waived its right to object to the R&R.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985) (failure to file timely objections constitutes waiver of objections); <u>Mario v. P & C Food Mkts.</u>, 313 F.3d 758, 766 (2d Cir.2002) ("where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision"); <u>Okoi v. El Al Israel Airlines</u>, 2006 WL 3501224 (E.D.N.Y. Dec. 4, 2006).

In what can only be deemed an attempt to deceive the Court, the City attempts to excuse its delay by claiming, in a footnote, that the Docket Text of the Report and Recommendation "clarifies" that the parties had ten business, not calendar, days to file their objections (City's Objections at fn. 1) without any reference at all that the City's Objections were filed <u>13 business days</u> after receipt of the R&R.  Thus, under any standard, the City's Objections are untimely.

Moreover, the City's claim that the Docket Text "clarified" both the actual text of the R&R and Rule 72 of the Federal Rules of Civil Procedure is disingenuous to say the least.  The text of the R&R makes clear that objections must be received within ten days of receipt of the report, and cites to the various rules governing this issue and the consequences of failing to do so. (R&R at 12.)  The Docket Text is not officially part of the R&R, and was clearly entered in error. At the very least, the City should have sought further clarification for the obvious discrepancy.

Finally, Plaintiffs' Class Counsel timely filed its objections to the R&R on December 17, 2009.  If nothing else, that filing should have alerted the City that objections were due well before December 28.

## II.

## THE CITY'S RESPONSE TO PLAINTIFFS' CLASS COUNSEL'S OBJECTIONS SHOULD BE REJECTED

To the extent the Court accepts the City's untimely objections, pursuant to Federal Rule 72(b), Plaintiffs' Class Counsel is permitted to respond within 10 days after service of such objections. Accordingly, Plaintiffs' Class Counsel submits this brief rebuttal to the City's Objections.

**A.     The Rates Awarded Should Be Class Action Rates and Not the Rates Set Forth in the R&R or the City's Objections**

The City argues that the appropriate hourly rates are: Howard Davis ($275); Adam Mitzner ($250); Aliza Herzberg ($0); Jason Canales ($0); Katrina Valhos ($0) and Dina Weinberg ($0). (City's Objections at 5, 6-7). Clearly, the City's suggested rates are not in keeping with the reasonable rates in this District.

First, as set forth in Plaintiffs' Class Counsel's Objections, class action rates should be applied because this was a class action that required class action expertise.

Second, even non-class action rates in the Eastern District are at least at the level suggested in the R&R, if not higher, and vastly higher than those suggested in the City's Objections.

**1.     The Rates Should Be for Class Action Attorneys**

Plaintiffs' Class Counsel will not repeat the reasons previously briefed as to why rates awarded to class action attorneys are the relevant benchmark under Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 522 F.3d 182 (2d Cir. 2008) and Simmons v. New York City Transit Auth., 573 F.3d 170 (2d Cir. 2009). Rather, we will briefly respond to the City's arguments to the contrary.

First, the City tacitly accepts that class action rates are higher than non-class action rates.

Indeed, no where does the City cite a single class action case where the attorneys received rates at or below those suggested in the R&R.  By contrast, Plaintiffs' Class Counsel cited numerous cases where more than twice what was suggested in the R&R was awarded. (<u>See</u> Plaintiffs' Class Counsel's Objections at 4-6.)

<u>Second</u>, the City claims that no specialized expertise was needed in this case.  (City's Objections at 5.)  That is clearly not correct because Rule 23(g) of the Federal Rules of Civil Procedure *requires* that attorneys possess specialized expertise to be appointed as class counsel. It makes absolutely no sense to claim, as the City does, that intellectual property matters require specialized knowledge (City's Objections at 6) – no matter how routine such an intellectual property matter might be – but that class actions can be handled by any type of practitioner, even though the Federal Rules of Civil Procedure expressly recognizes that only practitioners with specialized knowledge of class actions and complex litigation may represent a class.

<u>Finally</u>, the City claims that class action expertise was not necessary in this case because the City ultimately stipulated to class action certification.  (City's Objections at 6.)  However, the City only stipulated to class certification as part of the Settlement Agreement, and did so only because it was facing qualified class counsel.  Indeed, if the City could have had the case dismissed by knocking out Plaintiffs' Class Counsel as unqualified under Rule 23(g), there is no doubt the City would have done so.  Moreover, it is a non-sequitur to claim that qualified counsel was unnecessary because a stipulation was ultimately reached.  In this case the City also stipulated to the terms of the settlement; does that mean that Plaintiffs could have proceeded *pro se* and received the same result?

2.      **The Rates Suggested in the City's Objections for Non-Class**
        **Action Attorneys are Well Below the Standard in the Eastern District**

When the first R&R was issued in February 2009, the City did not object. Rather, it responded to Plaintiffs' Class Counsel's Objections by claiming the rates awarded were "appropriate" and "more than reasonable" and therefore should be upheld. (See City Defendants' Response to Plaintiffs' Objections to the Report and Recommendation Concerning Their Application for Attorneys' Fees and Expenses at 1 and 8 (ECF 128).)  Now, eleven months after arguing that the rates in the R&R were fair and reasonable in the Eastern District, the City claims they are nearly thirty percent (30%) too high.  (City's Objections at 5-7.)

The City claims the R&R did not rely on recent decisions (City's Objections at 3), and then cites several cases stating rates for non-class action attorneys that are precisely within the range awarded in the R&R.  Moreover, most of these cases involved the most basic kind of litigation – debt collection – and several of which were default judgments.  See Morgenstern v. County of Nassau, 2009 U.S. Dist. LEXIS 116602 at *30, 2009 WL 5103158 (E.D.N.Y. Dec. 15, 2009) (awarding between $300 and $400 per hour for partners, $200-$250 for associates); Melnick v. Press, 2009 U.S. Dist. LEXIS 77609, 2009 WL 2824586 (E.D.N.Y. Aug. 28, 2009) ($200-$375 for partners; $200-295 for associates in an action involving an attorney lien where the underlying action concerned collection on a promissory note); Nero v. Law Office of Sam Street P.L.L.C., 2009 U.S. Dist. LEXIS 84072 at *27, 2009 WL 2981973 (E.D.N.Y. Sept. 10, 2009) (partners between $200 and $375 in consumer debt collection case decided by default judgment).

New York City cites only three cases in which were ordered hourly rates lower than those suggested in the R&R.  Once again, two of those cases were default actions in which the court awarded the attorneys their usual hourly rates – Empire State Carpenters Pension, Welfare,

Vacation, Annuity, Labor-Management Cooperation & Apprentice Training Funds v. Paterson Constr. LLC, 2009 U.S. Dist LEXIS 1115554 at *8, 2009 WL 4981860 (E.D.N.Y. Nov. 13, 2009) and Felix Produce Corp. v. New Lots Food Corp., 2009 U.S. Dist LEXIS 96367, 2009 WL 2985444 (E.D.N.Y. Sept. 14, 2009).

That leaves a single case in all of the Eastern District with rates lower than those suggested by the R&R – Guideone Speciality Mutual Ins. Co v. Congressional Adas Yereim, 2009 U.S. Dist. LEXIS 91031, *13-15 (E.D.N.Y. Sept. 29, 2009) – and the City requests that this Court go even lower than that.  In Guideone, the Court awarded senior lawyers a rate of $275 per hour claiming that the attorneys had no "specialized expertise, beyond pertaining to general civil litigation." Id. at *5.  Guideone is clearly an outlier, and should not be deemed the standard for civil litigation rates in this District. Moreover, Guideone is clearly inapposite because both Mr. Mitzner and Mr. Davis bring specialized expertise:  Mr. Mitzner in the field of class action law, and Mr. Davis in IDEA, Medicaid, and personal injury.

### 3. Out-of-District Rates Should Apply

The City does not at all respond to Plaintiffs' Class Counsel's argument that Howard Davis's expertise should be awarded out-of-district rates.  Instead, it focuses on why out-of-district rates should not apply to the other lawyers.

Plaintiffs' Class Counsel's claim that out-of-district rates should apply to the other attorneys in this action follows the reasoning of this Court in Germain v. County of Suffolk, 2009 WL 4546671 (E.D.N.Y. Dec. 5, 2009).  The Germain court held the use of Manhattan rates was proper because the substantial difference between the representation of an out-of-district law firm and the possibility of plaintiffs proceeding pro se.  Id. at *3.

The City's response is to claim that Plaintiffs' Class Counsel has not demonstrated that any Eastern District attorneys turned down this case. (City's Objections at 3.)   However, in

Request to Strike/Response to City's Objections
Case No. 05 Civ. 0429 (SLT)(ETB)

Germain only one attorney turned down the case, but here Plaintiffs' Class Counsel demonstrated that four (4) law firms turned down this case.

Moreover, the City does not respond to the point that it is very difficult to even find class action counsel in the Eastern District.  As noted in Plaintiffs' Class Counsel's Objections to the R&R (at p. 13), a Google search would only lead a typical plaintiff to attorneys practicing in Manhattan.

**B.**      **The Hours Billed Should Not Be Reduced**

There should not be any reduction in the hours billed due to block billing because the total hours are reasonable.  The City argues that the R&R's reduction of 15% across the board is too lenient and 20% is more appropriate.  The City bases this argument on the erroneous claim that block-billing prevents an assessment of work that was duplicative or unnecessary (City's Objection at 7).  This is untrue for three reasons.

First, courts in this Circuit are instructed not to micro-manage every billing entry for reasonableness, but to first look at the reasonableness of the total hours incurred.  Chinatrust Bank v. Pinter, 2008 WL 2987152 at *2 (E.D.N.Y. July 31, 2008) (no deduction is warranted so long as "counsel's billing entries sufficiently describe the nature of the work performed during the three-year period of the litigation, which reasonably supports the number of hours expended"); Rahman v. Smith & Wollensky Restaurant Group, Inc., 2009 WL 72441 (S.D.N.Y. Jan. 7, 2009) ("[a]lthough block billing can make it more difficult to determine precisely how much time was spent on each task, the practice is tolerable 'as long as all of the work recorded in one entry is compensable'"), quoting Ursa Minor, Ltd. v. Aon Financial Products, Inc., 2001 WL 1842042, at 6 (S.D.N.Y. May 30, 2001); Aiello v. Town of Brockhaven, 2005 WL 1397202 at *3 (E.D.N.Y. June 13, 2005); Gutman v. Klein, 2009 WL 3296072 at *8 (E.D.N.Y. Oct. 13, 2009) (rejecting reduction of hours for block billing – including 1,000 hours on spoliation and fee

dispute).

Following this procedure, there is no reason for any deduction because the total hours billed are reasonable.  Indeed, neither the R&R nor the City claims otherwise.

Second, the tasks performed are clearly delineated in the billing records.  Accordingly, if the City believed that two lawyers were doing the same task or that certain tasks were unnecessary, it could certainly highlight such entries.  Similarly, if the City believed that a single project – such as work on a brief or preparation for a deposition – involved too much time, it could certainly ascertain that.  The City's silence on this issue further demonstrates that the hours incurred – both on the entire case and on individual projects – are reasonable.

Finally, none of the cases cited by the City imposed a 20% reduction solely for block-billing.  The City claims that Upjohn Co. v. Medtron Labs, Inc., 2005 U.S. Dist. LEXIS 28307, 2005 WL 3078232 (S.D.N.Y. Nov. 16, 2005), involved a "25% reduction where most of the entries, while detailed, are block-billed…"  However, the Court in Upjohn applied a 25% deduction to the total fee request and did so because it could "not justify awarding such excessive fees for relatively uncomplicated work." Id. at *3.  In other words, the Upjohn court awarded counsel the full amount of the rates requested ($475 for partners in 2005 (adjusted for inflation: $526.18), and then reduced the total fees by 25% to reflect that the hourly rates were excessive.  Id. at 1 ("the aggregate amount of attorneys' fees requested in the Fee Application is excessive in light of the services rendered").  By contrast, in this case the R&R actually recommends a **43% reduction** in the Fee Request because it reduces both the hourly rates and the hours billed.

Mr. X. v. New York State Education Department, 20 F.Supp. 561 (S.D.N.Y. 1998), is similarly off-point because that court imposed a 20% reduction for duplicative entries and vague billing, neither of which are present here.  Moreover, it is worth noting that the $375 rate

imposed in <u>Mr. X</u> was more than a decade ago, and adjusted for inflation would award senior lawyers $497 – 25% more than the highest rate suggested in the R&R.  Finally, in <u>Trs. of the Bricklayers & Allied Craftworkers Local 5 N.Y. Ret., Welfare & Training Funds v. Helmer-Cronin Constr., Inc.</u>, 2005 U.S. Dist. LEXIS 40165, 2005 WL 3789085 (S.D.N.Y. Oct. 24, 2005), the Court reduced 23 hours off the total amount billed for vagueness – and not for block billing. 2005 WL 3789085 at *5.  By contrast, the R&R specifically noted that there were no longer any vagueness issues, and the 15% reduction was solely as a result of block billing. (R&R at 9 (the "vagueness of the billing entries has been rectified").)

**C.      The Fee Award Should Include Interest Running from November 14, 2008**

The City argues that post-judgment interest should not be awarded because the Court's order dated November 18, 2008 is not a money-judgment.  (City's Objection at 8.)  The City does not cite to any authority for that proposition.  The reason is because the law is uniformly the opposite.

This Court has routinely considered judgments awarding attorneys' fees to be money judgments and has awarded post-judgment interest on such awards. <u>See</u>, <u>e.g.</u>, <u>Nicholson v. Williams</u>, 2004 WL 4760138, at *3-4 (E.D.N.Y. Oct. 25, 2004) ("An award of attorneys' fees is considered a 'money judgment' and is treated in the same manner as any other money judgment."); <u>Aiello v. Town of Brookhaven</u>, 2005 WL 1397202 (E.D.N.Y. June 13, 2005) (awarding post-judgment interest on award of attorney's fees); <u>Raff v. Maggio</u>, 746 F.Supp. 1207, 1208 (E.D.N.Y.1990) (finding post-judgment interest award on attorney's fees to be proper under 28 U.S.C. § 1961).

The award of post-judgment interest is mandatory under 28 U.S.C. § 1961." <u>Indu Craft, Inc. v. Bank of Baroda</u>, 87 F.3d 614, 619 (2d Cir.1996).  Accordingly, the Court should include

Request to Strike/Response to City's Objections
Case No. 05 Civ. 0429 (SLT)(ETB)

post-judgment interest at the statutory rate, commencing on November 14, 2008 as part of its award.

<b><u>CONCLUSION</u></b>

For the reasons set forth above, Plaintiffs' Class Counsel requests that this Court approve the hourly rates sought and the time actually incurred, for a total fee of $1,532,000, plus interest at the statutory rate commencing on November 14, 2008 through the date that the award is paid.

Dated:   New York, New York        PAVIA & HARCOURT LLP
         January 6, 2010

                                  _____/s/_____
                                  Adam D. Mitzner (AM-8325)
                                  600 Madison Avenue
                                  New York, New York 10022
                                  T: (212) 980-3500; F: (212) 980-3185
                                  E: amitzner@pavialaw.com

                                  Counsel to Plaintiffs' Class