UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

CELESTE GREEN, Individually and as Parent and    :   05 Civ. 0429 (SLT)(ETB)
Natural Guardian of ALIA GREEN, MARSCHELL    :
RUGGS, Individually and as Parent and Natural    :   **DECLARATION OF**
Guardian of ASHLEY VICTORIA RUGGS, and    :   **ADAM D. MITZNER**
JONATHAN and RANDI BOLOS, Individually and as    :
Parents and Natural Guardians of LAUREN BOLOS,    :
    :
                          Plaintiffs,    :
      -against-    :
    :
THE CITY OF NEW YORK, THE CITY OF NEW    :
YORK DEPARTMENT OF SOCIAL SERVICES    :
HUMAN RESOURCES ADMINISTRATION, and    :
VERNA EGGLESTON,    :
                      Defendants.    :

---------------------------------------------------------------- X

        Adam D. Mitzner, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury, that the foregoing is true and correct.

        1.      I am over the age of eighteen years, an attorney licensed to practice law in this State and before this Court, and I have personal knowledge of the subjects set forth in this Declaration.

        2.      I am lead counsel to Plaintiffs' Class herein and submit this Declaration in support of Plaintiffs' Memorandum of Law in Support of Its Request that New York City be Held in Civil Contempt.

        3.      This case was filed on January 25, 2005. After years of litigation, the parties finally reached a Settlement Agreement that was submitted to the Court for approval pursuant to Rule 23 of the Federal Rules of Civil Procedure. The presiding judge at the time, the Honorable Dora L. Irizarry, worked with the parties to make certain modifications to the settlement terms, and on May 1, 2008, the Settlement Agreement was preliminarily approved by the Court. For ease of reference,

Mitzner Decl. re Contempt Motion
Case No. 05 Civ. 0429 (SLT)(ETB)

P&H - 623470.1 :14851/100

attached hereto as Exhibit 1 is a true and correct copy of the Settlement Agreement submitted to the Court on May 1, 2008.

4.      In approximately February 2009, pursuant to the terms of the Settlement Agreement, notice of the terms of the Settlement Agreement was made to the class.

5.      Class Members had until March 14, 2009 to opt out of the settlement.

6.      Not a single class member opted out.

7.      On November 14, 2008, this Court entered a Final Judgment ending the litigation and judicially approving the settlement terms.  Attached as Exhibit 2 is a true and correct copy of the Final Judgment.

8.      On several occasions, I have communicated to counsel for New York City that it should begin issuing refunds, and its failure to do so was a violation of the terms of the Settlement Agreement and the Court's Order approving those terms.  Among other times, this fact was communicated to New York City by letters to the Court dated August 7, 2009, December 7, 2009, and December 14, 2009; and by email to Corporation Counsel dated November 16, 2009.

9.      Plaintiffs' Class Counsel initially chose not to seek judicial intervention regarding New York City's non-compliance with the Order due to the belief that the Court would soon issue a decision on the Fee Application and New York City would thereafter immediately begin paying refunds.  However, in late 2009, New York City made clear that it had no intention of complying with the Order until the fee issue was adjudicated by the Second Circuit, a process that could take months, if not years.

10.     To date, a total of 484 claim forms have been received.

11.     At the present time, Final Refunds have been calculated (but not paid) for 140 class members totaling $866,141.32, and for 128 of those class members refunds should have already been paid, with the balance due within the next 60 days.

Mitzner Decl. re Contempt Motion
Case No. 05 Civ. 0429 (SLT)(ETB)

12.     To date, New York City has not made a single payment to any class member.


Dated:   New York, New York                    PAVIA & HARCOURT LLP
             January 20, 2010

                                               _____/s/_____
                                               Adam D. Mitzner (AM-8325)
                                               600 Madison Avenue
                                               New York, New York 10022
                                               T: (212) 980-3500; F: (212) 980-3185
                                               E: amitzner@pavialaw.com

                                               Counsel to Plaintiffs' Class

P&H - 623470.1 :14851/100

# Exhibit 1

# PAVIA & HARCOURT LLP

600 Madison Avenue
New York, NY 10022
Telephone: (212) 980-3500
Facsimile: (212) 980-3185
www.pavialaw.com

Adam D. Mitzner
Direct Dial: 212-508-2318
Direct Fax: 212-735-7918
amitzner@pavialaw.com

*MILAN*
Corso di Porta Romana, 6
20122 Milano
Telephone: 02-8738 6691/2

*PARIS*
FORENSIS
250 Bis, Blvd. St. Germain
75341 Paris CEDEX 07
Telephone: 01-44-39-89-90
Facsimile: 01-44-39-89-91

**COURTESEY COPY**
**Originally Filed by ECF**
**Assigned Docket Number _____**

BY FEDERAL EXPRESS AND ECF

May 1, 2008

The Honorable Dora L. Irizarry
United States District Court Judge
United States Courthouse for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>Green v. City of New York, 05 Civ. 0429 (DLI)(ETB)</u>

Dear Judge Irizarry:

We represent the named plaintiffs in the above-referenced matter, which was filed as a proposed class action in January 2005. Enclosed please find a courtesy copy of the revised settlement papers, which reflect the changes communicated to counsel by your law clerk, Benjamin Battles. These papers have also been filed electronically.

Under a separate cover, we have electronically filed (and will provide the Court a courtesy copy) of the Application for Preliminary Order Approving Class Action Settlement and Notice-Related Provisions and Proposed Order (the "Preliminary Order").

All parties would like to thank the Court in advance for its consideration to this matter. Of course, if the Court has any questions about the proposed settlement or the Preliminary Order, the parties are available for a conference, either by phone or in person.

                     Respectfully submitted

                     Adam D. Mitzner

AM:adm
Enclosures

cc:  Elizabeth Wells, Esq.

P&H - 550405.1 :14851/100

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
CELESTE GREEN, as Parent and Natural Guardian of : 
ALIA GREEN, MARSCHELL RUGGS, as Parent and :
Natural Guardian of ASHLEY VICTORIA RUGGS, :
and JONATHAN and RANDI BOLOS, as Parents and :
Natural Guardians of LAUREN BOLOS, :  05 Civ. 0429 (DLI)(ETB)
  :
  :
Plaintiffs, :
  :
  :
-against- : STIPULATION AND ORDER OF
  : SETTLEMENT
THE CITY OF NEW YORK, DEFENDANTS :
DEPARTMENT OF SOCIAL SERVICES HUMAN :
RESOURCES ADMINISTRATION, and VERNA :
EGGLESTON, :
  :
  :
Defendants. :
  :
------------------------------------------------------------------ X

      WHEREAS Celeste Green, Marschell Ruggs, and Jonathan and Randi Bolos,

commenced this action on behalf of themselves as parents; and on behalf of their infant children,

Alia Green, Ashley Victoria Ruggs, and Randi Bolos, respectively; and on behalf of all others

similarly situated; by the Complaint filed on January 21, 2005 ("Complaint"), against the City of

New York (the "City"), the City of New York Department of Social Services Human Resources

Administration ("HRA"), and Verna Eggleston[1] alleging violations of sections 1401(26) and

1432(4) of the Individuals Disabilities and Education Act ("IDEA") (20 U.S.C. §§ 1401(26),

1432(4)); 42 U.S.C. § 1983; the New York Education Law ("Ed L"); various articles of the New

York State Constitution; New York Social Service Law ("SSL") § 367(a)(2)(b); and common

law negligence;

---

[1] Since the filing of this action, Ms. Eggleston was succeeded by Robert Doar as commissioner, and due to the death of Ashley Victoria Ruggs, her mother will act as executrix of her estate, rather than as her parent and legal guardian.

WHEREAS, on May 23, 2005, Defendants moved to dismiss the Complaint;

WHEREAS, on July 17, 2006, the Court granted Defendants' motion in part and denied it in part, dismissing all claims brought by plaintiffs on behalf of themselves as parents and dismissing the SSL § 367(a)(2)(b) claim and sustaining all of plaintiffs' other causes of action;

WHEREAS Defendants denied any and all wrongdoing alleged in the Complaint by the Answer filed on November 21, 2006;

WHEREAS the parties are entering into this stipulation of settlement ("Stipulation") for the sole purpose of settling the disputes between them and to avoid further litigation, and without any admission of fault or liability by Defendants; and

WHEREAS the named Plaintiffs believe that the best interests of the class shall be advanced by the settlement of this action pursuant to the terms set forth in this Stipulation; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the parties, through their undersigned attorneys, that this action be settled, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, on the following terms and conditions:

1.      **Definitions**

For the purposes of this Stipulation, the following terms have the meanings specified below:

1.1.      "Bar Date" means one-hundred twenty (120) days after the Effective Date.

1.2.      "Category of Service" or "COS" means the designation given to a service by the State of New York as indicated on the Claim Detail Report.

1.3.    "Claim Detail Report" or "CDR" means the document maintained and generated by the State of New York, and relied upon by HRA to identify all Related Services, among other services, received by a Lienee.

1.4.    "Claim Form" means the Class Action Settlement Claim Form, attached as Exhibit C.

1.5.    "Claims Process" means the process of determining an Offer of Refund to a Class Member as set forth in section 5 of this Stipulation.

1.6.    "Class Member" means all persons born after January 21, 1984 and still living as of January 21, 2002, who satisfied a Medicaid lien with the City of New York Human Resources Administration in connection with a personal injury lawsuit before December 31, 2006, and received Special Education, pre-kindergarten and/or Early Intervention Related services (as described by 20 U.S.C. §§ 1401(26), 1432(4), and/or Ed Law § 4410(1)(j)).

1.7.    "Defendants' Counsel" means the Office of the Corporation Counsel of the City of New York, located at 100 Church Street, New York, New York  10007; attention Elizabeth A. Wells.

1.8.    "Document Retention Period" means six (6) years from the date a Medicaid Lien is satisfied or settled.

1.9.    "Effective Date" means the date the Judgment is entered by the Court.

1.10.   "Fairness Hearing" means the hearing described in section 7 of this Stipulation, in which the Court shall consider, among other issues, whether to dismiss this action with prejudice.

1.11.   "Final Refund" means any of the following:  (i) an Offer of Refund accepted by Plaintiffs, as set forth in section 6.12 of this Stipulation; (ii) a refund agreed upon by Plaintiffs

and Defendants after a negotiation, as set forth in section 6.12 of this Stipulation; (iii) a refund determined by the Refund Mediator if no appeal has been made within seven (7) business days, as set forth in section 6.13 of this Stipulation; or (iv) an amount of refund determined by United States Magistrate Judge E. Thomas Boyle immediately upon a decision that was appealed, as set forth in section 6.14 of this Stipulation.

1.12.    "Final Date" means the date in which the parties and/or the Refund Mediator inform the Court, in writing, that all claims by Class Members have been fully and finally decided, and all Final Refunds have been issued.

1.13.    "Itemized Lien CDR" means the document that is prepared by HRA to indicate the services for which the Medicaid Lien was asserted.

1.14.    "Judgment" means the [Proposed] Final Judgment, attached as Exhibit D, to be entered by the Court pursuant to Federal Rule of Civil Procedure 54(b).

1.15.    "Lienee" means an individual who was younger than eighteen years at the time a Medicaid lien was asserted by HRA upon an award or settlement arising from a cause of action relating to a personal injury.

1.16.    "Lien File" means a file maintained by HRA for certain Medicaid Liens opened under the name, number or other identifying characteristics of the Lienee.

1.17.    "Lien Letter" means the correspondence sent to a Lienee by HRA indicating the final amount of the Medicaid Lien

1.18.    "Medicaid Lien" means a lien asserted by HRA on an award or settlement arising from a cause of action relating to a personal injury, pursuant to SSL § 104-b(1), which was asserted by HRA when the Lienee was younger than eighteen years.

1.19.    "Notice" means the documents entitled Mailed Notice and Publication Notice, attached as Exhibit B-1 and B-2, respectively.

1.20.    "Offer of Refund" means that written offer submitted by HRA to Plaintiffs' Counsel during the Claims Process, as set forth in sections 6.2 and 6.3 of this Stipulation.

1.21.    "Plaintiffs' Counsel" means Adam D. Mitzner, Pavia & Harcourt LLP, located at 600 Madison Avenue, New York, New York 10022, and Howard Davis, 3207 Benjamin Road; Oceanside, New York 11572.

1.22.    "Plaintiffs' Counsel Fee and Expense Application" means that application submitted by Plaintiffs' Counsel for payment by Defendants of attorneys' fees and expenses for this action.

1.23.    "Plaintiffs' Counsel Fee and Expense Award" means that award issued by the Court in response to Plaintiffs' Counsel Fee and Expense Application.

1.24.    "Preliminary Order" means the Preliminary Order Approving Class Action Settlement and Notice-Related Provisions, attached as Exhibit A.

1.25.    "Reconstructed Itemized Lien CDR" means that document prepared by HRA after receipt of a Valid Claim Form, for those Class Members for whom an Itemized Lien CDR does not exist and for whom HRA has access to their CDR, or can obtain access to the CDR with reasonable diligence by contacting New York State, and which is further defined in section 6.4 of this Stipulation.

1.26.    "Refund Mediator" means the individual who is either agreed upon under a separate agreement among the parties or is appointed by the Court from the list of mediators assigned to the United States District Court for the Eastern District of New York.

1.27.    "Related Persons" means, as applicable, each of HRA and the City's past or present employees, officers, agents, attorneys, affiliates, predecessors, successors, divisions, agencies, assigns, or related and affiliated entities.

1.28.    "Related Services" means the services described by 20 U.S.C. §§ 1401(26), 1432, and Ed L § 4410(1)(j).

1.29.    "Released Claims" means all claims, debts, demands, rights, liabilities, suits, matters, issues and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, whether based on federal, state or local, statutory or common law or any other law, rule or regulation, asserted or that might have been asserted by the named Plaintiffs or a Class Member against any of the Defendants and Related Persons, for any claim arising out of, based on or otherwise related to the assertion of a Medicaid Lien.

1.30.    "Released Persons" means each and all of the Defendants and their respective Related Persons.

1.31.    "Valid" in connection with a submitted Claim Form means a Claim Form submitted by a Class Member that (i) contains the information required by section 6.6 of this Stipulation; and (ii) was submitted before the Bar Date.

2.    **Payment to Class Members.**

The City of New York agrees to pay each Class Member a refund of the amount collected by the City of New York for Related Services to satisfy or settle any Medicaid Lien concerning such class member, plus interest at 6 percent (6%) per annum, as determined pursuant to the claims process set forth in section 6 of this stipulation.

3.    **Class Certification**

    3.1.    The class definition the parties shall seek to certify shall be:

> All persons born after January 21, 1984 and still living as of January 21, 2002, who satisfied a Medicaid lien with the City of New York Human Resources Administration in connection with a personal injury lawsuit before December 31, 2006, and received Special Education, pre-kindergarten and/or Early Intervention Related services (as described by 20 U.S.C. §§ 1401(26), 1432(4), and/or Ed Law § 4410(1)(j)).

4.    **Future Policies and Practices**

    4.1.    As of the Effective Date, HRA shall continue its practice of excluding Related Services from the determination of the amount of any Medicaid Lien, and shall adhere to the following methodology in making such determinations for two (2) years after the Effective Date, unless following such methodology would violate federal, state or local laws, or unless a more accurate means of making such determinations is instituted:

    4.1.1.    HRA shall exclude from any Medicaid Lien all services contained on CDRs under COS 0164 or COS 0265.

    4.1.2.    HRA shall investigate by reasonable means any other services on the CDR that appear to be Related Services, including, but not limited to paying particular attention to the following services, for which there is a likelihood that such services may include Related Services, and to exclude any such services from the Medicaid Lien if such investigation reveals such service is a Related Service: (i) any services under COS 0160, particularly such services with a diagnostic code of 3159; (ii) any services that indicate the location of the service is a school; and (iii) any other charges that appear, in any way, to be for educational purposes.

    4.2.    Within fourteen (14) days after the Effective Date, HRA shall distribute to its employees who have responsibility for calculating Medicaid Liens or have responsibility for supervising such employees, a memorandum in the form attached as Exhibit E.

4.3.     As of the Effective Date, HRA shall prepare an Itemized Lien CDR and maintain the Itemized Lien CDR in the Lien File for each Lienee to whom a Lien Letter is mailed.  HRA shall adhere to this practice for two (2) years after the Effective Date, unless adhering to such practice would violate federal, state or local law, or unless an alternative method for maintaining an Itemized Lien CDR for the Document Retention Period, such as an electronic method, is instituted.

4.4.     Upon the Effective Date, and for two (2) years following the Effective Date, HRA shall include in Lien Letters the following language, all in capitals, using the same font as used throughout the text of the letter, unless following such inclusion would violate federal, state or local laws:

> PLEASE BE ADVISED THAT CERTAIN SERVICES PAID BY MEDICAID THAT ARE FOR EDUCATIONAL PURPOSES OR EARLY INTERVENTION SERVICES CANNOT BE INCLUDED IN A MEDICAID LIEN. UPON REQUEST, HRA SHALL FORWARD TO YOU THE SERVICES WHICH COMPRISE THIS LIEN. IF YOU BELIEVE THAT ANY SERVICES ARE FOR EDUCATIONAL PURPOSES OR EARLY INTERVENTION SERVICES, PLEASE CONTACT THE UNDERSIGNED FOR A POSSIBLE REDUCTION OF THE AMOUNT OF THE LIEN.

4.5.     Upon the Effective Date, and for the following two years, all Lien Files shall be maintained by HRA for the Document Retention Period.

5.     **The Notice Procedure**

5.1.     The proposed form of the Notice to be mailed to all Class Members, attached as Exhibit B-1, and the proposed form of Notice to be provided to all members of the settlement class by publication, attached as Exhibit B-2, shall collectively be referred to herein as the "Notice".

5.2.     The Notice shall be disseminated as follows:

5.2.1.   Promptly after the entry of the Preliminary Order, the City of New York shall begin the process of sending the mailed notice to the last known address of all Class Members whose names and addresses can be obtained through reasonable efforts by HRA by the use of all readily available HRA computer databases.  The mailed notice (exhibit B-1) shall be sent in both English and Spanish to each last known address.  Defendants shall complete such mailing within sixty (60) days of the entry of the Preliminary Order.

5.2.2.   Within sixty (60) days of the entry of the Preliminary Order, New York City will cause to be published the publication notice (exhibit B-2), on dates agreeable to Class Counsel, in an easily readable size font and type, in each of the following publications:  the *New York Post*, the *New York Daily News*, and, in Spanish, in *El Diario La Prensa*.

5.2.3.   Within thirty (30) days of the entry of the Preliminary Order, HRA shall establish a readily apparent link from their public website to (i) the publication notice (exhibit B-2); (ii) a copy of the Stipulation of Settlement; (iii) and a phone number and an email address, under Plaintiffs' Counsel's control, to allow Class Members to request materials and to ask questions.

6.      **The Claims Procedure**

6.1.      Claim Form.  Within forty-five (45) days of the Effective Date, HRA shall complete the mailing and publication of the Claim Form as follows:

6.1.1.  By Mail.  Identifiable Class Members who satisfied or settled a Medicaid Lien after January 1, 1992, shall have the following mailed to their last known address: (i) a Claim Form  in the form attached as Exhibit C;  and (ii) a return envelope, postage pre-paid, addressed to Plaintiffs' Counsel.  At Defendants' expense, Plaintiffs' Counsel shall supply to Defendants' Counsel such envelopes with postage pre-paid and addressed to Plaintiffs' Counsel within ten (10) business days of HRA notifying Plaintiffs' Counsel of the number of envelopes needed.  HRA shall make reasonable efforts to ascertain the last known addresses of all such Class Members through all readily available HRA computer databases.  Within ten (10) business days after the completion of the mailing described in this section, HRA shall provide an affidavit to Plaintiffs' Counsel in the form attached as Exhibit F.

6.1.2.  By Publication.  HRA shall make a Claim Form available for download from a link available on the public website of HRA to be established and maintained by HRA.

6.2.      Beginning within thirty (30) days after the receipt of Valid Claim Forms from Plaintiffs' Counsel, on a rolling basis, with regard to every Valid Claim Form submitted by a Class Member, unless specified below in sections 6.6.3 or 6.7 of this Stipulation, HRA shall provide Plaintiffs' Counsel with (i) an Offer of Refund; (ii) an Itemized Lien CDR, if it exists; (iii) the CDR from one year prior to the date of injury until the date of the Lien Letter; and (iv) other materials, if any, relied upon by HRA to determine the amount of the Offer of Refund.  If an Itemized Lien CDR does not exist, HRA shall provide Plaintiffs' Counsel with a Reconstructed Itemized Lien CDR in lieu of the Itemized Lien CDR. Within seven (7) business

days of any request by Plaintiffs' Counsel to Defendants' Counsel, HRA shall provide the Reconstructed Itemized Lien CDR and/or the CDR electronically in Excel format, provided HRA can produce the requested document in that format without significant burden.

6.3.   The Offer of Refund shall be a good faith estimate by HRA of the total amount of Related Services collected by HRA to satisfy or settle a Medicaid Lien for an individual Class Member, plus six percent (6%) interest, per annum, calculated from the date the lien was collected to and including the Effective Date.

6.4.   The Reconstructed Itemized Lien CDR shall be HRA's good faith reconstruction of the services that comprised the Medicaid Lien, using the following analysis:

6.4.1.   For Class Members who satisfied or settled their liens prior to January 1, 2002,  HRA shall include in the Reconstructed Itemized Lien CDR any service on the CDR that relates to the injury suffered by the Class Member, unless there is evidence that such services were not originally included in the Medicaid Lien.

6.4.2.   For Class Members who satisfied or settled their liens after January 1, 2002,  HRA shall include in the Reconstructed Itemized Lien CDR any service on the CDR that relates to the injury suffered by the Class Member, except services listed on the Lienee's CDR under COS codes 0164 or 0265, unless there is evidence that such services were included in the Medicaid Lien.  Such evidence shall include, but not be limited to, instances where the total amount of the Medicaid Lien was greater than the total amount of non-Related Services indicated on the CDR from the date of injury until the date of the Lien Letter.

6.5.     For those Medicaid Liens upon which HRA collected an amount less than the full amount of the Medicaid Lien, the following procedure shall apply:  (i) HRA shall determine what percentage of the total Medicaid Lien was actually collected by HRA; and (ii) HRA shall

extend an Offer of Refund that equals the amount of Related Services that HRA estimates was included in the Medicaid Lien, reduced by the percentage of the total Medicaid Lien actually collected by HRA (*e.g.*, if 50% of the Medicaid Lien was collected by HRA, then the Offer of Refund shall be 50% of the total Related Services included in the Medicaid Lien).

      6.6.      Information necessary to extend an Offer of Refund:  HRA shall extend an Offer of Refund if the Class Member provides his or her social security number and date of birth on the Claim Form and the following information is also provided by the Class Member in the Claim Form, unless otherwise indicated below:

      6.6.1.  Liens satisfied or settled after March 31, 1998:  Class Members shall provide HRA with a general layman's description of the injury in the Claim Form.

      6.6.2.  Liens satisfied or settled before March 31, 1998 for an injury sustained after January 1, 1992:  Class Members shall provide HRA with a laymen's description of the injury, and the month and year of the injury.  HRA shall not be obligated to extend an Offer of Refund when Related Services cannot be determined due to a Class Member's failure to provide the month and year of injury on the Claim Form unless HRA can determine the date of injury, despite a Class Member's failure to provide it.  HRA shall extend an Offer of Refund equaling zero (0) dollars when Related Services cannot be determined due to a Class Member's failure to provide an accurate month and year of injury.  If HRA determines a date of injury that differs from the date of injury supplied by a Class Member in the Claim Form, HRA shall rely on whichever date of injury it determines is more accurate.

      6.6.3.  Liens satisfied or settled before March 31, 1998 for an injury sustained prior to January 1, 1992:  HRA does not have in its possession, custody or control, information

sufficient to extend an Offer of Refund to these Class Members. Accordingly, HRA shall extend an Offer of Refund only in the following instances:

6.6.3.1.     The Class Member provides information sufficient for HRA to determine the amount of the Medicaid Lien asserted, the amount of Medicaid Lien actually collected by HRA, and the amount of Related Services, if any, collected by HRA; or

6.6.3.2.     HRA is able to procure, with reasonable diligence, from New York State a copy of the CDR, and the Class Member provides a general layman's description of the injury and the actual month and year of the injury. In such cases, the timing set forth in this section shall not apply, and HRA shall proceed with reasonable diligence to acquire the CDR, and shall, with reasonable promptness, provide a copy of such CDR to Plaintiffs' Counsel when the CDR is in HRA's possession.

6.7.     In the event that HRA cannot locate a Lien File or a Lienee in an HRA database, HRA shall timely notify Plaintiffs' Counsel, and HRA and Plaintiffs' Counsel shall attempt to come to a mutual agreement concerning that Offer of Refund. If such an agreement cannot be made, the parties shall consult the Refund Mediator for a final determination.

6.8.     Special Calculations of Offers of Refund: The Claims Process set forth in this section of the Stipulation shall not be utilized in the following two circumstances and Plaintiffs' Counsel shall not reject Offers of Refund calculated as follows.

6.8.1.     Total Related Services Amount Less than $2000: In any case in which the Related Services amount is less than $2000, as contained in the CDR dating from the date of injury until the date of the Lien Letter, the Offer of Refund shall equal that Related Services amount, unless HRA collected less than the full amount of the Medicaid Lien, in which case the Offer of Refund shall be reduced as set forth in section 6.5 of this Stipulation.

6.8.2.   Total Related Services Amount Within $100 of Total Lien Amount:  In any case in which the Related Services amount is within $100 of the total lien amount asserted, as contained in the CDR dating from the date of injury until the date of the Lien Letter, the Offer of Refund shall be the Medicaid Lien amount collected by HRA.

6.9.   Proof of Identity:  To be considered eligible for an Offer of Refund, and prior to payment being made, each Class Member shall provide an updated address, if necessary, and a copy of either the Class Member's social security card or Medicaid card.  If the Class Member is less than eighteen years of age at the time the Claim Form is submitted or is mentally incompetent such that a legal guardian has been appointed by a court, the name, address and a copy of either the social security card or the Medicaid card of that Class Member's legal guardian or parent shall also be provided by such Class Member.  Any payments returned to HRA by the United States Postal Service due to an incorrect address provided by a Class Member shall be sent to Plaintiffs' Counsel.  Plaintiffs' Counsel shall exercise their best efforts to deliver such payments to Class Members. If such payment cannot be delivered despite Plaintiffs' Counsel's best efforts, Plaintiffs' Counsel shall return the checks to Defendants' Counsel.

6.10.   To be considered for an Offer of Refund, a Class Member must submit a Claim Form post-marked prior to the Bar Date.  Claim Forms post-marked later than the Bar Date shall be deemed untimely, and the Class Member shall not be entitled to any Offer of Refund. Any Claim Form that is post-marked prior to the Bar Date, but which lacks certain of the information required under section 6, may nevertheless still be deemed Valid (as defined by section 1.31) if such Claim Form is amended to include all required information and submitted to Defendants no later than 90 days after the Bar Date.

6.11.     In all events, HRA reserves the right to seek supplemental information from a Class Member, but so long as the Class Member provides the information set forth in section 6.6 of this Stipulation, and submits proof of identification as set forth in section 6.9 of this Stipulation, the failure by any Class Member to provide any additional information or supporting documentation shall not be used to deny or reduce the Offer of Refund in any way.

6.12.     Within thirty (30) days of receipt of the Offer of Refund, the responding Class Member, through Plaintiffs' Counsel, shall provide, in writing, either an acceptance of the Offer of Refund, or a rejection with a counteroffer to Defendants' Counsel.  If the Offer of Refund is rejected, the parties shall have ten (10) business days to attempt to reach an agreement on the amount of refund (the "Negotiation Period").  Such period may be extended only upon mutual written consent of the parties.

6.13.     While it is the intent of the parties to reach agreement through negotiation and avoid frivolous and non-material disputes, if the parties cannot agree on the amount of refund prior to the end of the Negotiation Period, they shall submit the dispute to the Refund Mediator as follows:

6.13.1. Within seven (7) business days after the end of the Negotiation Period, the parties shall each submit to the Refund Mediator, a letter not exceeding four (4) pages in length, single-spaced, setting forth the basis for the parties' respective positions, and attaching whatever supporting documentation is appropriate (the "Claims Letters").

6.13.2. The Refund Mediator shall have sixty (60) days from the receipt of either a Claim Letter or a group of Claim Letters to issue a determination as to the amount of the refund.  The parties shall agree on an efficient means by which to provide such Claims Letters to the Refund Mediator. The Refund Mediator's determinations shall indicate the amount that the

Refund Mediator determines most fairly represents the amount of Related Services that was collected to satisfy or settle the Medicaid Lien, plus six percent (6%) interest, per annum. The refund determinations shall be in writing and sent, electronically and by mail, to Plaintiffs' Counsel, HRA, and Defendants' Counsel. Prior to issuing a determination concerning the amount of the refund, the Refund Mediator may call upon Plaintiffs' Counsel and Defendants' Counsel to appear (either in person or telephonically) to discuss the claim.

      6.13.3. The Refund Mediator shall not explain the basis of any refund determination, but all refund determinations shall set forth: (a) the amount of Related Services awarded to the Class Member; and (b) six percent (6%) interest, per annum, calculated from the date the lien was collected to and including the Effective Date.

      6.14.    The refund issued by the Refund Mediator may be appealed within seven (7) business days of the receipt of the amount determined by the Refund Mediator, by submitting a letter not to exceed four (4) pages, single-spaced, to United States Magistrate Judge E. Thomas Boyle, in the following situations only:

      6.14.1. Any party may appeal a refund determination of a Refund Mediator if the amount of the refund issued by the Refund Mediator was in excess of $50,000.

      6.14.2. Any party may appeal a refund of less than $50,000, as determined by the Refund Mediator, based only on the following reasons: (i) a mathematical error; or (ii) where the Refund Mediator exceeded his or her powers, or so imperfectly executed them that a mutual, final, and definite determination concerning the refund was not made.

      6.15.    The Refund Mediator shall be an individual appointed by the Court from the list of mediators assigned to the United States District Court for the Eastern District of New York.

Any required compensation for the services of the Refund Mediator shall be paid by the Defendants.

6.16.    No later than sixty (60) days after a Final Refund, HRA or the City of New York shall mail a check payable to the Class Member of the Final Refund to the address listed on the Claim Form.  Once a month, Defendants shall provide to Plaintiffs' Counsel the names and addresses of the Lienees' paid and the amount of such payments for the preceding month.

6.17.    Each and every Class Member who receives a Final Refund shall deposit the full amount of each Final Refund in custodial accounts and/or special needs trusts established in conjunction with the underlying causes of action relating to Lienee's personal injury, where such accounts or trusts exist.  At the time the check is tendered, HRA shall remind the Class Member of this obligation.

6.18.    With regard to any Class Member for whom HRA concludes that no Offer of Refund can be extended due to lack of adequate documentation in the possession of HRA, HRA shall so inform Plaintiffs' Counsel in writing and in lieu of an Offer of Refund.  Upon receiving a notice that no Offer of Refund can be made, that Class Member shall have an additional sixty (60) days to submit additional information to HRA and Defendants' Counsel.  HRA shall then have thirty (30) days to extend an Offer of Refund, including an Offer of Refund in the amount of zero dollars ($0) in the event that the additional information is deemed insufficient by HRA.

6.19.    Every Class Member who submits a Valid Claim Form shall receive an Offer of Refund, including class members who HRA determines had no Related Services included in their Medicaid Lien (*i.e.*, Class Members who receive a Refund Offer in an amount of zero dollars ($0)).

6.20.    HRA shall provide no less than twenty (20) Offers of Refund per month.  In the event that a total of more than three hundred sixty (360) Valid Claim Forms of Class Members are submitted, the parties shall negotiate a schedule under which all Offers of Refund shall be made within twenty-four (24) months of the Effective Date, at agreed upon intervals, excluding those described by sections 6.6.3 and 6.7 of this Stipulation.  If the parties cannot reach agreement concerning this schedule, the issue shall be submitted to United States Magistrate Judge Boyle (or any successor United States Magistrate Judge assigned to this case) for adjudication. Defendants shall not be held liable or otherwise in violation of this Stipulation for any failure to provide a timely Offer of Refund or to timely tender payments if the failure is due to events that occurred outside of Defendants' control (*e.g.*, computer database system-wide failure or a force of nature).

6.21.    Upon consent of counsel for the parties, or at the direction of the Refund Mediator, any deadline set forth in this section may be extended once only, for a period up to, but not to exceed, thirty (30) days.

6.22.    Payment of Plaintiffs' Counsel Fees During the Claims Process.  Plaintiffs may request that Plaintiffs' Counsel be awarded fees and expenses in connection with the Claims Process.  Nothing in this section shall prohibit Defendants from asserting, or Plaintiffs from agreeing, in writing, that no fee or expenses shall be charged for the Claims Process or that Plaintiffs are not entitled to an award of fees and expenses.

7.    **Fairness Hearing**

7.1.    At the Fairness Hearing the parties shall jointly request entry of a Judgment, in the form attached as Exhibit D.

7.2.     Defendants shall not oppose any papers submitted to the Court concerning plaintiffs' satisfaction of the requirements of Rule 23 of the Federal Rules of Civil Procedure.

7.3.     If, for any reason, this Stipulation is terminated, or if the Effective Date for any reason does not occur, terms of this Stipulation shall automatically be vacated, *nunc pro tunc.* In such case, neither this Stipulation nor any order of this Court certifying the Settlement Class, as set forth in Section 3 of this Stipulation, shall be binding on any of the parties, and Defendants may oppose and assert all objections to certification of any class sought by any Party to this action.

8.    **Releases**

8.1.     Upon the Final Date, the named Plaintiffs and each Class Member, on behalf of themselves, their successors and assigns, and any other person claiming (now or in the future) through or on behalf of them, and regardless of whether any such named Plaintiff or Class Member ever seeks or obtains, by any means, an Offer of Refund, shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims and any and all claims that are, or could have been asserted in the Complaint, or that arise out of or relate to the settlement or resolution of this action against the Released Persons, and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claims against the Released Persons

9.    **Attorneys' Fees And Expenses In Connection With This Action**

9.1.    No less than 90 days prior to the Fairness Hearing, Plaintiffs' Counsel may file and serve on Defendants' Counsel the Plaintiffs' Counsel Fee and Expense Application for (i) payment to Plaintiffs' Counsel of attorneys' fees; and (ii) reimbursement of expenses and costs incurred in connection with prosecuting this action. Defendants may oppose any or all aspects of that application by filing and serving opposition papers no later than sixty (60) days prior to the Fairness Hearing. Plaintiffs' Counsel's reply papers may be filed and served no later than thirty (30) days prior to the Fairness Hearing. These deadlines may be modified by agreement of the parties or by Court order.

10.    **Miscellaneous Provisions**

10.1.    Neither this Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, any wrongdoing or liability of the Defendants; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) is admissible in any proceeding except an action to enforce or interpret the terms of this Stipulation, the settlement contained herein, and any other documents executed in connection with the performance of the agreements embodied herein. Defendants and/or the other Released Persons may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.2.    Plaintiffs shall, before applying to the Court for an order enforcing any

provision of this Stipulation, provide Defendants' Counsel with notice of their intention to do so,

and shall provide Defendants' Counsel with a reasonable opportunity to address or remedy the

matter of concern.  The reasonableness of the opportunity to address or remedy the matter of

concern shall be no less than twenty (20) days, during which time Plaintiffs shall not notify or

apply to the Court for an order enforcing any portion of this Stipulation.

10.3.    The parties represent that they do not currently believe that any provision of this

Agreement violates federal, state or local law.

10.4.    This Stipulation and the Exhibits attached contain all the terms and conditions

agreed upon by the parties.  No oral agreements between the parties entered into at any time nor

any written instrument between the parties entered into prior to the execution of this Stipulation

regarding the subject matter of the instant litigation shall be deemed to exist, or to bind the

parties hereto, or to vary the terms and conditions contained herein.

10.5.    Except as otherwise provided herein, this Stipulation, and the Exhibits attached

constitute the entire agreement among the parties and no representations, warranties or

inducements have been made to any party concerning this Stipulation or its Exhibits other than

the representations warranties and covenants contained and memorialized in such documents.

10.6.    The parties represent and warrant that this Stipulation was negotiated by

attorneys for all parties and is not the product of any single author or party.

10.7.    The parties shall submit to the jurisdiction of the Court for purposes of

implementing and enforcing the settlement embodied in this Stipulation until two (2) years after

the Effective Date.   At that time, this Stipulation and the obligations hereunder shall terminate.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys.

Dated: New York, New York
May 1, 2008

PAVIA & HARCOURT LLP

Adam D. Mitzner

600 Madison Avenue
New York, New York 10022
(212) 752-9700
(212) 980-5192 (fax)

and

Howard Davis
3207 Benjamin Road
Oceanside, New York 11572

*Plaintiffs' Counsel*

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
100 Church Street, Rm. 2-189
New York, New York 10007
(212) 788-0898

Elizabeth A. Wells
Assistant Corporation Counsel

*Defendants' Counsel*

## EXHIBITS TO THE STIPULATION OF SETTLEMENT

Exhibit A            Preliminary Order

Exhibit B            Notice

    B-1        Mailed Notice
    B-2        Publication Notice

Exhibit C            Proof of Claim

Exhibit D            Judgment

Exhibit E            HRA Notice to Employees

Exhibit F            Affidavit Regarding Mailing

# EXHIBIT A

FOR SETTLEMENT PURPOSES ONLY

EXHIBIT A – PRELIMINARY ORDER APPLICATION

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

| | |
|---|---|
| CELESTE GREEN, as Parent and Natural Guardian of ALIA GREEN, MARSCHELL RUGGS, as Parent and Natural Guardian of ASHLEY VICTORIA RUGGS, and JONATHAN and RANDI BOLOS, as Parents and Natural Guardians of LAUREN BOLOS,    :    | 05 Civ. 0429 (DLI)(ETB) |
|    :    | |
| Plaintiffs,    :    | **APPLICATION FOR PRELIMINARY ORDER APPROVING CLASS ACTION SETTLEMENT AND NOTICE –RELATED PROVISIONS AND PROPOSED ORDER** |
| -against-    :    | |
| THE CITY OF NEW YORK, THE CITY OF NEW YORK DEPARTMENT OF SOCIAL SERVICES HUMAN RESOURCES ADMINISTRATION, and ROBERT DOAR,    :    | |
| Defendants.    :    | |

-------------------------------------------------------------------

WHEREAS the parties to the above-captioned litigation (the "Litigation") have moved pursuant to Federal Rule of Civil Procedure 23 for an Order, among other things, (i) preliminarily approving the proposed settlement of the Litigation in accordance with the Stipulation of Settlement dated April 17, 2008, and attached hereto as Exhibit A (the "Settlement Stipulation"); (ii) preliminarily certifying the settlement class for settlement purposes and establishing Class Representatives and Lead Counsel; and (iii) establishing the form and procedures for providing adequate notice to the settlement class;

WHEREAS, the Court has considered the Stipulation of Settlement and all accompanying documents; and

1

FOR SETTLEMENT PURPOSES ONLY

## EXHIBIT A – PRELIMINARY ORDER APPLICATION

WHEREAS, all parties have consented to the entry of this Preliminary Order (the "Order").

**IT IS HEREBY ORDERED THAT:**

1.     The capitalized terms used in this Order have the same meaning as those defined in the Stipulation of Settlement.

2.     For settlement purposes only, the Court finds that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied with respect to the following class, as is set forth in the Stipulation of Settlement:

> All persons born after January 21, 1984 and still living as of January 21, 2002, who satisfied a Medicaid lien with the City of New York Human Resources Administration in connection with a personal injury lawsuit before December 31, 2006, and received Special Education, pre-kindergarten and/or Early Intervention Related services (as described by 20 U.S.C. §§ 1401(26), 1432(4), and/or Ed Law § 4410(1)(j)).

Specifically, for settlement purposes only, the Court finds that:

> a.     The settlement class is so numerous that joinder of all members is impracticable;
>
> b.     There are questions of law or fact common to the settlement class;
>
> c.     The claims of the Class Representatives are typical of the claims of the class members;
>
> d.     The questions of law and fact common to the class members predominate over any questions effecting any individual member,

FOR SETTLEMENT PURPOSES ONLY

**EXHIBIT A – PRELIMINARY ORDER APPLICATION**

such that a class action is superior to the other available methods

for the fair and efficient adjudication of the controversy.

3.      For settlement purposes only, the Court orders that Plaintiffs Celeste

Green, as Parent and Natural Guardian of Alia Green, Marschall Ruggs, as Parent and

Natural Guardian of Ashley Victoria Ruggs, and Jonathan and Randi Bolos, as Parents

and Natural Guardians of Lauren Bolos (collectively, the "Class Representatives"), have

and will continue to fairly and adequately protect the interests of the class members and

are hereby certified as Class Representatives.

4.      For settlement purposes only, and upon the declaration of Adam D.

Mitzner, attached as Exhibit C, the requirements of Rule 23(g) of the Federal Rules of

Civil Procedure have been met and the Court orders that Adam D. Mitzner, of the law

firm Pavia & Harcourt LLP ("Pavia & Harcourt"), is certified as class counsel for the

settlement class.

5.      The Court has reviewed the Stipulation of Settlement, and the terms of the

Stipulation of Settlement are preliminarily approved, subject to further consideration at a

Fairness Hearing.  The Court preliminarily finds that the proposed Stipulation of

Settlement is the product of informed, arm's length negotiation by counsel, and is

presumptively fair, just and reasonable, valid and adequate, subject to any objection that

may be raised at the Fairness Hearing.

6.      The Fairness Hearing shall be held before the Honorable Dora L. Irizarry

on September 10, 2008, at 9:30 a.m., at the United States District Court for the Eastern

District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, to determine

FOR SETTLEMENT PURPOSES ONLY

## EXHIBIT A – PRELIMINARY ORDER APPLICATION

(a) whether the proposed settlement of the Litigation on the terms and conditions

provided for in the Stipulation of Settlement is fair, reasonable, and adequate and should

be approved by the Court, and whether a Judgment should be entered; (b) the amount of

the award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel, if any,

pursuant to Rule 23(h) of the Federal Rules of Civil Procedure; and (c) any such other

matters as may properly come before the Court in connection with the Fairness Hearing.

      7.     The proposed form of the Notice to be mailed to all class members whose

names and addresses can be obtained through reasonable efforts by HRA by the use of all

readily available HRA computer databases (the "Mailed Notice"), attached hereto as

Exhibit B-1, and the proposed form of Notice to be provided to all members of the

settlement class by publication (the "Publication Notice"), attached hereto as Exhibit B-2,

are hereby approved.  Collectively, the Mailed Notice and Publication Notice shall be

referred to herein as the "Notice".

      8.     The Notice shall be disseminated as follows:

      8.1.     Promptly after the entry of this Order, New York City will begin

the process of sending the Mailed Notice to the last known address of all class members

whose names and addresses can be obtained through reasonable efforts by HRA by the

use of all readily available HRA computer databases.  The Mailed Notice shall be sent in

both English and Spanish to each last known address.  Defendants shall complete such

mailing within sixty (60) days of the entry of this Order.

      8.2     Within sixty (60) days of the entry of this Order, New York City

**FOR SETTLEMENT PURPOSES ONLY**

**EXHIBIT A – PRELIMINARY ORDER APPLICATION**

will cause to be published the Published Notice, on dates agreeable to Plaintiffs' Counsel, in an easily readable size font and type, in each of the following publications: the *New York Post*, the *New York Daily News*, and, in Spanish, in *El Diario La Prensa*.

        8.3    Within thirty (30) days of the entry of this Order, HRA shall establish a readily apparent link from their public website to (i) the Notice; (ii) a copy of the Stipulation of Settlement; (iii) and a phone number and an email address, under Plaintiffs' Counsel's control, to allow class members to request materials and to ask questions.

        9.    The Court finds that dissemination of the Notice in the manner set forth in paragraph 8 above, is the best notice practicable under the circumstances, is reasonably calculated to apprise interested parties of the pendency of this action, affords such parties an opportunity to present their objections or exclude themselves from the settlement class, and complies in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure, and all of the requirements of Due Process.

        10.    All class members who wish to exclude themselves from the settlement class must send a written request for exclusion ("Request for Exclusion") to Corporation Counsel, 100 Church Street, New York, New York 10007, within one hundred and twenty (120) days of the entry of this Order. Requests for Exclusion must include the excluded settlement class member's name, address, social security number and the statement: "requests exclusion from the settlement class in *Green et al. v. The City of New York et al.*, Case No. 05 Civ. 0429 (DLI)(ETB)."

FOR SETTLEMENT PURPOSES ONLY

**EXHIBIT A – PRELIMINARY ORDER APPLICATION**

11.     Any class member who files a Request for Exclusion in the manner provided herein is excluded form the settlement class and will not be entitled to any benefit described in the Stipulation of Settlement or Notice.

12.     Any class member who does not file a Request for Exclusion in the manner provided herein will be bound by the Stipulation of Settlement if finally approved following the Fairness Hearing, including the terms of the Final Order and Judgment to be entered herein and the releases provided for in the Stipulation of Settlement.

13.     Any class member who has not requested exclusion from the settlement class may file an objection to final approval of the Stipulation of Settlement and/or appear at the Fairness Hearing, individually or by counsel, provided that an appearance is served and filed as hereinafter provided, to show cause, if any, (a) why the Stipulation of Settlement should not be approved as fair, reasonable and adequate; and (b) why an order should not be entered dismissing with prejudice and releasing all claims of the Class Representatives and all settlement class members against the Released Parties; or (c) why the Court should not grant an allowance of reasonable fees, costs and expenses to Plaintiffs' Counsel for their services. Unless the Court directs otherwise, however, no settlement class member or any person (excluding the Defendants, Plaintiffs' Counsel or the Class Representatives), shall be heard or shall be entitled to contest the approval of the terms and conditions of the Stipulation of Settlement or, if approved, the Judgment, or the allowance of reasonable fees, costs, and expenses to Plaintiffs' Counsel, and no papers or briefs submitted by any settlement class member or any other person (excluding Defendants' Counsel or Plaintiffs' Counsel) shall be received and considered, unless a

FOR SETTLEMENT PURPOSES ONLY

### EXHIBIT A – PRELIMINARY ORDER APPLICATION

written objection ("Objection") to the settlement is served and filed within ninety (90)

days of this Order.

14.     Any Objection must include:

14.1.   A notice of intention to appear (either by themselves or with

counsel);

14.2.   A detailed statement of each objection asserted;

14.3.   The grounds on which such person desires to appear and be heard;

and

14.4.   Any documents that such class member desires the Court to

consider and a list of witnesses the person may call by live testimony.

15.     Such documents shall be filed with the United States District Court for the

Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, and

served upon Plaintiffs' Counsel and Defendants' Counsel at the addresses listed below:

**Plaintiffs' Counsel**

Adam D. Mitzner, Esq.
Pavia & Harcourt LLP
600 Madison Avenue
New York, NY 10022

**Defendants' Counsel**

Elizabeth A. Wells, Esq.
Office of Corporation Counsel
100 Church Street
New York, New York 10007

16.     Class members who object in the manner provided herein

OR SETTLEMENT PURPOSES ONLY**

**EXHIBIT A – PRELIMINARY ORDER APPLICATION**

remain class members and will be bound by the Stipulation of Settlement if finally approved following a Fairness Hearing. Any person who fails to object in the manner provided herein shall be deemed to have waived his or her objections, and shall forever be barred from making any such objections in this lawsuit or in any other action or proceeding.

18.     The Court has considered the due process rights of absent class members and finds that such rights are adequately protected herein.

19.     The instant action is stayed pending the final determination of whether the Stipulation of Settlement should be approved, except as to those proceedings necessary to carry out or enforce the terms of the Stipulation of Settlement.

**IT IS SO ORDERED.**

DATED:      Brooklyn, New York
            May __, 2008

                                        _____
                                        The Honorable Dora L. Irizarry
                                        United States District Judge

# EXHIBIT B

# EXHIBIT B-1

EXHIBIT B-1 MAILED NOTICE

*PLEASE READ THIS NOTICE CAREFULLY.*
*THIS NOTICE MAY CONTAIN IMPORTANT INFORMATION ABOUT YOUR RIGHTS.*

# NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT REGARDING POSSIBLE REFUND OF PAYMENTS FOR SPECIAL EDUCATION, PRE-K AND EARLY INTERVENTION RELATED SERVICES

*IF YOU WANT TO RECEIVE BENEFITS UNDER THE PROPOSED SETTLEMENT*
*YOU DO NOT HAVE TO TAKE ANY ACTION NOW*

## WHAT IS THE LAWSUIT ABOUT?

The lawsuit seeks a refund for all persons born after January 21, 1984 and still living as of January 21, 2002, who satisfied a Medicaid lien with the New York City Human Resource Administration (HRA) in connection with a personal injury lawsuit and had payments for Special Education, pre-kindergarten and/or Early Intervention Related Services included in that lien. The refund will equal the amount of Special Education, pre-kindergarten and/or Early Intervention Related Services included in satisfaction of such liens, plus interest. Special Education, pre-kindergarten and/or Early Intervention Related Services are services such as occupational therapy, physical therapy, speech therapy and counseling. The class action lawsuit also seeks certain changes to the policies and practices of HRA concerning the collection of such Medicaid liens.

## WHO BROUGHT THIS LAWSUIT?

The named plaintiffs are: Celeste Green, as Parent and Natural Guardian of Alia Green, Marschell Ruggs, as Natural Guardian of Ashley Victoria Ruggs, and Jonathan and Randi Bolos, as Parents and Natural Guardians of Lauren Bolos. These people brought the lawsuit as a class action, on behalf of themselves and all people in a similar situation.

## WHO ARE THE DEFENDANTS?

The defendants are the City of New York, HRA, and the Commissioner of HRA.

## WHAT IS THE PURPOSE OF THIS NOTICE?

The purpose of this notice is to inform members of the settlement class of the pendency of the class action lawsuit and of the proposed settlement, and to describe what to do if you (or your child or a child for whom you are the legal guardian) are a member of the settlement class and you want to object to or be excluded from the proposed settlement. *If you or your child wants to remain a member of the settlement class and you have no objection to the settlement, you do not need to take any action now.*

## IS MY CHILD OR AM I A MEMBER OF THE CLASS?

You or your child (or a child for whom you are the legal guardian or a deceased child for whom you are the executor of his/her estate) are a member of the class for purposes of this settlement if you or your child fit the following definition:

> All persons born after January 21, 1984 and still living as of January 21, 2002, who satisfied a Medicaid lien with the City of New York Human Resources Administration in connection with a personal injury lawsuit before December 31, 2006, and received Special Education, pre-kindergarten and/or Early Intervention Related services (as described by 20 U.S.C. §§ 1401(26), 1432(4), and/or Ed Law § 4410(1)(j)).

P&H - 542207.3 :14851/100

## WHAT IS THE BENEFIT TO THE CLASS OF THE SETTLEMENT?

If the Court approves the settlement, class members will receive a refund of the amount of Special Education, pre-kindergarten or Early Intervention Related Service charges collected by HRA as part of a Medicaid lien, plus interest at 6 % (less applicable legal fees, if ordered by the Court).  To qualify for a refund, class members must supply certain information by a particular due date.  If you do not exclude yourself as a class member, you will receive a future mailing explaining what information must be submitted and by when.  Also, class members will benefit by procedures implemented by New York City and HRA to safeguard against future collection of Special Education, pre-kindergarten and Early Intervention Related Services as part of a Medicaid lien.

## SHOULD I FILE A PROOF OF CLAIM FORM NOW?

**NO.**  The time to submit a Proof of Claim is after the Court approves the terms of the settlement. You will be mailed a Proof of Claim when and if the Court approves the settlement and will receive further directions about how to submit your claim.

## DO I HAVE TO PAY AN ATTORNEY FOR BRINGING THIS LAWSUIT?

Class members are not required to directly pay any money to the lawyers representing the class. The request for attorneys' fees will be submitted to the Court for approval.  The Court will determine that the fees are either to be a percentage of the overall amount that defendants are required to pay all class members, or else the Court will require the defendants to pay an additional amount to the lawyers separate and apart from the amount it pays in refunds.  You may retain an attorney to advise you at your own cost.

## WHAT IF I WANT TO REMAIN A MEMBER OF THE SETTLEMENT CLASS?

**You do not need to act to remain a settlement class member.**  If you do not act, you are agreeing to the proposed settlement.  If the Court approves the terms of the settlement, a Proof of Claim Form will be mailed to you at this address several months from now (it is also available online at www. nyc.gov/html/hra, and by clicking on the link entitled "Green Settlement").  If you timely return the Proof of Claim form, you will become part of the refunds process and will receive a cash payment if you are entitled to such an award.

## WHAT IF I OBJECT TO THE TERMS OF THE SETTLEMENT BUT WANT TO BE PART OF THE SETTLEMENT CLASS?

As a settlement class member, you may appear, with or without your own counsel, at the Fairness Hearing to be heard in opposition to the terms of the Settlement, provided that you send a written Notice of Objection entitled: "Objection to the Settlement Class in *Green et. al v. The City of New York et. al*, 05-civ.-0429 (DLI)(ETB)," postmarked by _____, 2008 to the following: (i) the Honorable Dora L. Irizarry, 225 Cadman Plaza East, Brooklyn, New York 11201; (ii) Adam D. Mitzner, Pavia & Harcourt LLP, 600 Madison Avenue, New York, New York 10022 (Class Counsel); and (iii) Office of Corporation Counsel, 100 Church Street, New York, New York 10007 (Defendants' Counsel).

**Your written objection must include:** (a) your name, address and social security number; (b) a notice of intention to appear and whether you will appear with or without an attorney retained by and paid for by you; (c) a detailed statement of each objection asserted; (d) the grounds on which you desire to appear and be heard; and (e) any documents and writings which you desire the Court to consider and a list of witnesses you may call by live testimony. If you object but the Court nonetheless approves the settlement, you will be barred from bringing your own lawsuit asserting individual claims related to the matters referred to in the class action lawsuit, and you will be bound by the

EXHIBIT B-1 MAILED NOTICE

judgment and release and all orders entered by the Court.  Class members who do not make known their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

## WHAT IF I WISH TO BE EXCLUDED FROM THE SETTLEMENT?

If you wish to be excluded from the Settlement, you must send a written Request for Exclusion to the Office of the Corporation Counsel; 100 Church Street; New York, New York 10007, stating your name, address, social security number, and the statement "Requests Exclusion from the Settlement Class in *Green et. al v. The City of New York et. al*, Case No. 05 Civ. 0429 (DLI)(ETB)."  Requests for Exclusion must be signed and post-marked by August __, 2008.  If you exclude yourself from the settlement class, you will (i) not be bound by any settlement, judgment or disposition of this case; (ii) retain any claims you may have against defendants; and (iii) not share in the benefits of the settlement agreement.

## IF I REMAIN A MEMBER OF THE CLASS, CAN I STILL BRING MY OWN LAWSUIT?

**NO.**  Unless members of the settlement class exclude themselves from the settlement class, they will be barred from bringing their own lawsuits against the City of New York, HRA or the current or former Commissioner of HRA concerning the Special Education or Early Intervention Related Service charges collected as part of Medicaid liens.

## DOES CLASS COUNSEL THINK THAT THIS IS A GOOD SETTLEMENT?

**YES.** Based on the uncertainties inherent in any litigation, and the value of the benefits provided to the members of the settlement class, Class Counsel believes that this settlement is fair and reasonable and that class members should accept it.

## WILL THE COURT RULE ON THE FAIRNESS OF THE SETTLMENT?

**YES.** The hearing to determine if the proposed settlement is fair, reasonable and adequate will be held on September 10, 2008, at 9:30 a.m., in the Courtroom of the Honorable Dora L. Irizarry, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201.

## DO I HAVE TO ATTEND THE FAIRNESS HEARING?

**NO**.   You are not required to attend unless you are filing an objection, but you may do so if you wish.

## WHAT IF I HAVE QUESTIONS?

Any further questions that you may have concerning this Notice should be directed to Class Counsel, Adam D. Mitzner, Pavia & Harcourt LLP, 600 Madison Avenue, New York, New York 10022; (212)508-2404; or by logging on to www.nyc.gov/html/hra and clicking on the link entitled "Green Settlement".

## IS THERE MORE DETAIL IN THE COURT FILE?

**YES.** The descriptions of the class action lawsuit and settlement agreement contained in this notice are only general summaries.  All papers filed in this case, including the full settlement agreement, are available for you to inspect and copy (at your cost) at the office of the Clerk of the United States Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, during regular business hours.  You must bring the name of the case and case number with you, because the Clerk will need to know this information in order to obtain he court file for you to inspect.

P&H - 542207.3 :14851/100

# EXHIBIT B-2

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

## YOU MAY BE ENTITLED TO A REFUND FROM NEW YORK CITY IF YOU PAID A MEDICAID LIEN BEFORE DECEMBER 31, 2006, AND HAD PAYMENTS FOR SPECIAL EDUCATION, PRE-K OR EARLY INTERVENTION INCLUDED IN THAT LIEN

### Please read the following carefully to see if you qualify.

A proposed settlement has been reached in a class action case brought against New York City and others on behalf of all individuals who satisfied a Medicaid lien in connection with a personal injury lawsuit before December 31, 2006, and had payments for Special Education, pre-kindergarten, and Early Intervention Related Services ("Special Ed Related Services") included in that lien. Special Ed Related Services are services such as occupational therapy, physical therapy, speech therapy and counseling. If the Court approves the proposed settlement, class members will receive a refund of the amount of Special Ed Related Service charges collected by HRA as part of a Medicaid lien, plus interest at 6 % (less applicable legal fees, if ordered by the Court). The proposed settlement also changes certain policies and practices of HRA concerning such Medicaid liens.

You or your child may qualify for a portion of the settlement if you or your child was born after January 21, 1984 and satisfied a Medicaid lien that included Special Ed Related Service charges. If you or your child qualify, you may be part of this settlement and have the right to attend the Fairness Hearing to object to the terms of the settlement, you must send a written objection that include the statement "Objection to the Settlement Class in *Green et al. v. The City of New York*, No. 05 Civ. 0429(DLI)(ETB)," postmarked by July ____, 2008, to the following: (i) the Honorable Dora L. Irizarry, 225 Cadman Plaza East, Brooklyn, New York 11201; (ii) Adam D. Mitzner, Pavia & Harcourt LLP, 600 Madison Avenue, New York, New York 10022 (Class Counsel); and (iii) Office of Corporation Counsel, 100 Church Street, New York, New York 10007 (Defendants' Counsel). **Your written objection must also include**: (a) your name, address and social security number; (b) a notice of intention to appear, with or without an attorney; (c) a detailed statement of each objection asserted; (d) the grounds on which you desire to appear and be heard; and (e) any documents and writings which you desire the Court to consider and a list of witnesses you may call by live testimony.

If you wish to be excluded from the settlement, you must send a written request for exclusion to Defendants' Counsel at 100 Church St., New York, NY 10007, stating your name, address, social security number, and the statement "Requests Exclusion from the Settlement Class in *Green et al. v. The City of New York*, No. 05 Civ. 0429 (DLI)(ETB)." Requests for Exclusion must be signed and post-marked by August ___, 2008. If you exclude yourself from the settlement class, you (i) will not be bound by any settlement, judgment or disposition of this case; (ii) will retain any claims you may have

against defendants; and (iii) will not share in the benefits of the settlement agreement. Class members will be bound by the settlement.

**Class members who do not exclude themselves should obtain a Claim Form from** www.nyc.gov/html/hra or by calling (212) 508-2404.

For more information or to ask any questions, call (212) 508-2404, or log on to the HRA website at www.nyc.gov/html/hra and click on the link entitled "Green Settlement".

# EXHIBIT C

Exhibit C Claim Form

# CLASS ACTION SETTLEMENT CLAIM FORM

## *YOU OR YOUR CHILD MAY BE ENTITLED TO MONEY FROM NEW YORK CITY*

### PLEASE READ THIS FORM CAREFULLY

You may fill this form out for your child, or for yourself if you meet the below listed eligibility requirements, are over 18 and mentally competent to receive court ordered funds*

YOU PREVIOUSLY RECEIVED NOTICE OF THE SETTLEMENT OF A CLASS ACTION LAWSUIT. IN ORDER FOR YOU OR YOUR CHILD TO RECEIVE ANY MONEY IN CONNECTION WITH THAT SETTLEMENT, YOU MUST:

1.   FILL OUT THIS FORM COMPLETELY AND SIGN IT.

2.   ENCLOSE A COPY OF YOUR OR YOUR CHILD'S SOCIAL SECURITY CARD OR MEDICAID CARD; and

3.   RETURN IT POSTMARKED NO LATER THAN AUGUST __, 2008 TO:

> Adam D. Mitzner
> Pavia & Harcourt LLP
> 600 Madison Avenue
> New York, New York 10022

Your Child's Name*: _____

Your Child's Date of Birth* _____Your Child's Social Security Number* _____

Your Name: _____Are You The Parent Or Guardian?  ___ Yes   ___ No

Your Address _____

Your Phone Number _____

\*   If you are over eighteen years of age and mentally competent to receive court ordered funds, and are submitting thi of Claim for yourself, please put your own name, date of birth, Social Security number, address and phone number check "No" indicating that you are not the parent or guardian.

Exhibit C Claim Form

**IN ORDER TO PROPERLY CALCULATE THE AMOUNT OF THE REFUND
TO WHICH YOU MAY ENTITLED, PLEASE PROVIDE THE FOLLOWING INFORMATION.**

*PLEASE BE AS SPECIFIC AS POSSIBLE AND INCLUDE ALL DETAILS YOU THINK ARE RELEVANT.*

**DESCRIPTION OF INJURY** (example:  lead paint poisoning; cerebral palsy; brain damage)

_____

_____

_____

**MONTH AND YEAR OF INJURY** (provide day, If possible).  If you do not know the exact month or day of the injury, please provide your best estimate of when you or your child began receiving medical treatment for the injury.

_____

Was a Custodial Account or Special Needs Trust established?  Yes _____    No _____

If Yes:  Name of Trustee  _____    Account Number _____
Financial Institution for Trust _____

I swear, under possible penalty of perjury, that all the information supplied in this form is true.

_____
Your Signature

## ELIGIBILITY FOR A REFUND

You or your child may be entitled to a Refund from New York City if you meet the following requirements: (1) were born after January 21, 1984 and still alive as of January 20, 2002 ; (2) settled or won a negligence lawsuit of any kind against anyone (malpractice, lead paint, sidewalk, etc) and was on Medicaid or still is on Medicaid; (3) satisfied or settled a Medical Lien in connection with that lawsuit prior to December 31, 2006; (4) was in Special Education, either in Early Intervention, pre-K, regular school or private school; and (5) received services for occupational therapy, physical therapy, speech therapy or counseling for injuries claimed in the negligence case;

**QUESTIONS?  CALL ADAM D. MITZNER AT (212) 508-2404.**

**Or log on to the HRA website at www.nyc.gov/html/hra and click onto the link entitled "Green Settlement" for more information.**

# EXHIBIT D

FOR SETTLEMENT PURPOSES ONLY

EXHIBIT D- FINAL JUDGMENT

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

| | |
|---|---|
| CELESTE GREEN, as Parent and Natural Guardian of ALIA GREEN, MARSCHELL RUGGS, as Parent and Natural Guardian of ASHLEY VICTORIA RUGGS, and JONATHAN and RANDI BOLOS, as Parents and Natural Guardians of LAUREN BOLOS, | : 05 Civ. 0429 (DLI)(ETB) |

CELESTE GREEN, as Parent and Natural Guardian of
ALIA GREEN, MARSCHELL RUGGS, as Parent and
Natural Guardian of ASHLEY VICTORIA RUGGS,
and JONATHAN and RANDI BOLOS, as Parents and
Natural Guardians of LAUREN BOLOS,

                                       Plaintiffs,

                    -against-

THE CITY OF NEW YORK, THE CITY OF NEW
YORK DEPARTMENT OF SOCIAL SERVICES
HUMAN RESOURCES ADMINISTRATION, and
ROBERT DOAR,

                                  Defendants.

: 05 Civ. 0429 (DLI)(ETB)

: **[PROPOSED] FINAL JUDGMENT**

---------------------------------------------------------------- X

      This matter came before the Court for hearing on April 9, 2008, and pursuant to

the Order of this Court, on the application of Celeste Green, as Parent and Natural

Guardian of Alia Green, Marschell Ruggs, as Parent and Natural Guardian of Ashley

Victoria Ruggs, and Jonathan and Randi Bolos, as Parents and Natural Guardians of

Lauren Bolos (collectively the "Lead Plaintiffs"), for approval of the settlement set forth

in the Stipulation of Settlement dated as of April 17, 2008 (the "Stipulation"). Due and

adequate notice having been given to the settlement class as required by the Court's

Order preliminarily approving the class action settlement and the Notice-related

provisions (the "Preliminary Order"), and the Court having considered all papers filed

and proceedings had herein and otherwise being fully informed and good cause appearing

therefore,

FOR SETTLEMENT PURPOSES ONLY

**EXHIBIT D- FINAL JUDGMENT**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.    This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.    This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Class Members.

3.    As stated in this Court's Preliminary Order, this Court finds that the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied and hereby certifies the following class,  for settlement purposes only:

> All persons born after January 21, 1984 and still living as of January 21, 2002, who satisfied a Medicaid lien with the City of New York Human Resources Administration in connection with a personal injury lawsuit before December 31, 2006, and received Special Education, pre-kindergarten and/or Early Intervention Related services (as  described by 20 U.S.C. §§ 1401(26), 1432(4), and/or Ed Law § 4410(1)(j)).

4.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation in all respects and finds that said settlement is, in all respects, fair, reasonable and adequate to the settlement class, and directs the  parties to perform the terms of the Stipulation.

5.    Except as to any individual claim of those persons who have validly and timely requested exclusion from the settlement class, listed on Exhibit A attached hereto, upon the Effective Date, the Lead Plaintiffs have and each of the class members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims and any and all claims arising out of, relating to, or in connection with the settlement or resolution of the Litigation

**FOR SETTLEMENT PURPOSES ONLY**

**EXHIBIT D- FINAL JUDGMENT**

against the Released Persons, whether or not such class member executed and delivered a

Claim Form. Upon the Effective Date, all settlement class members shall be forever

barred and enjoined from instituting or prosecuting, in any court, any other action against

the Released Persons asserting any Released Claims.

      6.     The Notice given to the settlement class, including the individual notice

to all identifiable Class Members at their last known addresses who were identified

through reasonable efforts, was the best notice practicable under the circumstances of

these proceedings and of the matters set forth therein, including the proposed settlement

set forth in the Stipulation, to all persons entitled to such notice, and said notice fully

satisfied the requirements of Federal Rule of Civil Procedure 23, and the requirements of

due process.

      7.     The Plaintiffs' Counsel Fee and Expense Application shall be considered

separately from this Judgment. Orders or proceedings regarding the application(s) for

attorneys' fees and reimbursement of expenses shall not in any way disturb or affect this

Judgment.

      8.     Neither the Stipulation, nor the settlement contained therein, nor any act

performed or document executed pursuant to or in furtherance of the Stipulation or the

settlement: (a) is, may be deemed to be, or may be used as an admission or evidence of

the validity of any Released Claim, or of any wrongdoing or liability of the Defendants;

(b) is, may be deemed to be, or may be used as an admission or evidence of any fault or

omission of any Defendant in any civil, criminal or administrative proceeding in any

court, administrative agency or other tribunal; or (c) is admissible in any proceeding

except an action to enforce or interpret the terms of the Stipulation, the settlement

FOR SETTLEMENT PURPOSES ONLY

EXHIBIT D- FINAL JUDGMENT

contained therein, or any other documents executed in connection with the performance

of the agreements embodied therein.  Defendants and/or the other Released Persons may

file the Stipulation and/or this Judgment in any action that may be brought against them

in order to support a defense or counterclaim based on principles of *res judicata,*

collateral estoppel, full faith and credit, release, good faith settlement, judgment bar,

reduction or any other theory of claim preclusion or issue preclusion or similar defense or

counterclaim.

      9.      Without affecting the finality of this Judgment in any way, this Court

hereby retains jurisdiction with respect to: (a) implementation and enforcement of the

terms of the Stipulation and any Final Refunds to class members, including interest

earned thereon; (b) hearing and determining the applications for the Plaintiffs' Counsel

Fee and Expense Award, and such further counsel fees and expenses, if any, that are to be

paid pursuant to the claims process; and (c) the parties hereto for the purpose of

construing, enforcing and administering the Stipulation.

      10.     The Complaint and this action are hereby dismissed, without costs, and

on the merits, with prejudice, in full and final discharge of any and all claims and

obligations that were or could have been asserted in this action against the Defendants.

The Court further finds that during the course of the Litigation, the parties and their

respective counsel at all times complied with the requirements of Rule 11 of the Federal

Rules of Civil Procedure.

      11.     There is no just reason for delay in the entry of this Judgment and

immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of

the Federal Rules of Civil Procedure.

FOR SETTLEMENT PURPOSES ONLY

EXHIBIT D- FINAL JUDGMENT

12.    In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date or the Effective Date does not occur, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

13.    The parties are to bear their own costs, except as otherwise provided in the Stipulation.

**IT IS SO ORDERED.**

DATED:      Brooklyn, New York
            September __, 2008

_____
The Honorable Dora L. Irizarry
United States District Judge

# EXHIBIT E

**FOR SETTLEMENT PURPOSES ONLY**
**EXHIBIT E-- Memorandum to HRA**

[ON HRA LETTERHEAD]

To: _____

From: _____

## <u>MEDICAID LIEN POLICIES</u>

  This memorandum sets forth certain HRA policies regarding the imposition and collection of Medicaid Liens against infants.

### <u>Exclusion of Related Services and Early Intervention Services</u>

  It is HRA policy that Related Services, as defined in 20 U.S.C. § 1401(8) of the Individuals Disability and Education Act ("IDEA"), and Early Intervention Services ("EIS"), as defined in 20 U.S.C. § 1432 of the IDEA, shall not be included as part of any Medicaid Lien imposed by HRA, pursuant to 42 U.S.C. § 1396b(c).

  The way to determine whether any charge on the CDR is a Related Service or an EIS is as follows:

1. Automatically exclude from any Medicaid Lien all charges contained on CDRs under Category of Service (COS) 0164 or 0265.

2. Investigate with reasonable means any other charges on the CDR that appear to be Related Services or EIS, and exclude those charges as well.

  Please be particularly mindful that Related Services and EIS charges may appear under COS 0160, as well as other COS numbers. In addition, any charge that indicates that the place of service is a school is likely to be a Related Service or an EIS. If it is not clear whether the place of service is a school, you should do further research, such as calling the place of service or looking it up on the Internet. Finally, transportation services provided as a Related Service under Special Education or an EIS, including transportation to and from school, or to and from a Related Services or an EIS provider, are also to be excluded from the lien.

### <u>Calculating the Lien</u>

  When calculating the amount of any Medicaid Lien against an infant, HRA employees are now required to prepare an itemized list of the charges that comprise that lien and keep that document in the file for that lien. In addition, it is HRA policy to send a copy of that itemization promptly upon the request of lienee or his/her counsel, with appropriate authorization.

P&H - 542195.1 :14851/100

FOR SETTLEMENT PURPOSES ONLY
**EXHIBIT E-- Memorandum to HRA**

### Document Retention

Finally, it is HRA policy that all important documents concerning any Medicaid Lien are to be maintained in the case file for six years after the lien is paid.

\*　　　\*　　　\*

Thank you for following these policies. If you have any questions, please call _____.

# EXHIBIT F

DECLARATION REGARDING
MAILING

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------  X
CELESTE GREEN, Individually and as Parent and        :        05 Civ. 0429 (DLI)(ETB)
Natural Guardian of ALIA GREEN, MARSCHELL           :
RUGGS, Individually and as Parent and Natural        :        **DECLARATION REGARDING**
Guardian of ASHLEY VICTORIA RUGGS, and             :        **MAILING OF PROOF OF**
JONATHAN and RANDI BOLOS, Individually and as      :        **CLAIM FORMS**
Parents and Natural Guardians of LAUREN BOLOS,       :
                                                     :
                              Plaintiffs,            :
               -against-                             :
                                                     :
THE CITY OF NEW YORK, THE CITY OF NEW               :
YORK DEPARTMENT OF SOCIAL SERVICES                  :
HUMAN RESOURCES ADMINISTRATION, and                :
VERNA EGGLESTON,                                    :
                              Defendants.            :
-------------------------------------------------------------------  X

_____, pursuant to 28 U.S.C. § 1746, declares under
penalty of perjury, that the following is true and correct:

1.     I am over the age of eighteen years, and have personal knowledge of the
subjects set forth in this Declaration.

2.     I am employed by the City of New York as a _____.

3.     I am familiar with the terms of the Settlement Agreement in the above-
referenced action. Capitalized terms in this Affidavit shall have the same meaning as in
that Settlement Agreement.

4.     Between approximately _____, 2008 and _____, 2008, I
was involved in the process of identifying the names of Class Members who settled a
Medicaid Lien after January 1, 1992, for purposes of providing such Class Members with
a Proof of Claim form, as set forth in section 4 of the Settlement Agreement.

5.     To the best of my knowledge, information and belief, the City of New
York has made every reasonable effort to ascertain the last known addresses of all such
Class Members through all available computer databases.

**EXHIBIT F**

**DECLARATION REGARDING MAILING**

      6.    To the best of my knowledge, information and belief, every Class Member whose address was identified received the following: (i) a Proof of Claim form in substantially the form of Exhibit C to the Settlement Agreement; and (ii) a return envelope, postage pre-paid, addressed to Plaintiffs' Counsel.

Dated:    New York, New York
         _____, 2008

                         _____
                            Affiant's Name

# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
CELESTE GREEN, as Parent and Natural Guardian of :    05 Civ. 0429 (DLI)(ETB)
ALIA GREEN, MARSCHELL RUGGS, as Parent and :
Natural Guardian of ASHLEY VICTORIA RUGGS, :
and JONATHAN and RANDI BOLOS, as Parents and :
Natural Guardians of LAUREN BOLOS, :
                             :
               Plaintiffs, :
                             :    **FINAL JUDGMENT**
      -against- :
                             :
THE CITY OF NEW YORK, THE CITY OF NEW :
YORK DEPARTMENT OF SOCIAL SERVICES :
HUMAN RESOURCES ADMINISTRATION, and :
ROBERT DOAR, :
                             :
             Defendants. :
                             :
----------------------------------------------------------------- X

**DORA L. IRIZARRY, U.S. District Judge:**

On the application of plaintiffs Celeste Green, as Parent and Natural Guardian of

Alia Green, Marschell Ruggs, as Parent and Natural Guardian of Ashley Victoria Ruggs,

and Jonathan and Randi Bolos, as Parents and Natural Guardians of Lauren Bolos

(collectively the "Lead Plaintiffs"), a hearing as to the class action settlement was held

before the court on April 9, 2008. The court issued an Order dated May 1, 2008,

approving the class action settlement set forth in the Stipulation of Settlement dated as of

April 17, 2008 (the "Stipulation"), as well as the necessary notices and documents

required pursuant to Federal Rule of Civil Procedure 23 (the "Preliminary Order"). Due

and adequate notice having been given to the settlement class as required by the court's

Preliminary Order, a Fairness Hearing having been held by the court on October 17,

2008, and the court further having considered all papers filed, the proceedings had herein, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      The court has jurisdiction over the subject matter of this action and over all parties to this action, including all Class Members.

3.      As stated in the Preliminary Order, the court finds that the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied and hereby certifies the following class, for settlement purposes only:

> All persons born after January 21, 1984 and still living as of January 21, 2002, who satisfied a Medicaid lien with the City of New York Human Resources Administration in connection with a personal injury lawsuit before December 31, 2006, and received Special Education, pre-kindergarten and/or Early Intervention Related services (as described by 20 U.S.C. §§ 1401(26), 1432(4), and/or Ed Law § 4410(1)(j)).

4.      Pursuant to Federal Rule of Civil Procedure 23, the court hereby approves the settlement set forth in the Stipulation in all respects and finds that said settlement, in all respects, is fair, reasonable and adequate to the settlement class, and directs the parties to comply with the terms of the Stipulation.

5.      Except as to any individual claim of those persons who have validly and timely requested exclusion from the settlement class, listed on Exhibit A attached hereto, upon the Effective Date and by operation of this Judgment, the Lead Plaintiffs shall have, and each of the class members shall be deemed to have fully, finally, and forever released, relinquished and discharged all Released Claims and any and all claims arising

2

out of, relating to, or in connection with the settlement or resolution of the Litigation against the Released Persons, whether or not such class member executed and delivered a Claim Form.  Upon the Effective Date, all settlement class members shall be forever barred and enjoined from instituting or prosecuting, in any court, any other action against the Released Persons asserting any Released Claims.

6.    The Notice given to the settlement class, including the individual notice to all identifiable Class Members at their last known addresses who were identified through reasonable efforts, was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, and the requirements of due process.

7.    The Plaintiffs' Counsel Fee and Expense Application shall be considered separately from this Judgment.  Orders or proceedings regarding the application(s) for attorneys' fees and reimbursement of expenses shall not in any way disturb or affect this Judgment.

8.    Neither the Stipulation, nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is, may be deemed to be, or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; (b) is, may be deemed to be, or may be used as an admission or evidence of any fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is admissible in any proceeding

except an action to enforce or interpret the terms of the Stipulation, the settlement contained therein, or any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.      Without affecting the finality of this Judgment in any way, the court hereby retains jurisdiction with respect to: (a) implementation and enforcement of the terms of the Stipulation and any Final Refunds to class members, including interest earned thereon; (b) hearing and determining the applications for the Plaintiffs' Counsel Fee and Expense Award, and such further counsel fees and expenses, if any, that are to be paid pursuant to the claims process; and (c) the parties hereto for the purpose of construing, enforcing and administering the Stipulation.

10.      The Complaint and this action are hereby dismissed, without costs, and on the merits, with prejudice, in full and final discharge of any and all claims and obligations that were or could have been asserted in this action against the Defendants. The court further finds that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

11.      There is no just reason for delay in the entry of this Judgment and

immediate entry by the Clerk of the court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

12.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

13.     The parties are to bear their own costs, except as otherwise provided in the Stipulation.

**IT IS SO ORDERED.**

DATED:     Brooklyn, New York
           November 7, 2008

_____/s/_____
The Honorable Dora L. Irizarry
United States District Judge

5

**EXHIBIT A**

1. Antonio Ramon Tirado

2. Alexander Concepcion